### GEORGE S. SMALL *vs.* LEVI HOWARD.

Worcester.   Oct. 2, 1879. — Jan. 19, 1880.   ENDICOTT & LORD, JJ., absent

> In an action against a physician and surgeon for not properly treating a wound on the plaintiff's wrist, there was evidence that the wound was a very severe one, and required a considerable degree of skill in its treatment; that the defendant lived in a small country town, and had no experience in surgery beyond that usually had by country surgeons; that an eminent surgeon lived within four miles of the defendant, and the plaintiff was physically able to have visited any other surgeon than the defendant, if so directed, but no such direction was given him.   At the request of the plaintiff, the judge instructed the jury that, if the defendant had not the requisite skill and experience to treat the wound, he should have temporarily dressed it, and recommended the plaintiff to a more skilful surgeon; and also instructed the jury, against the plaintiff's objection, that the implied contract of a physician or surgeon was that he possessed that reasonable degree of learning, skill and experience which is ordinarily possessed by others of his profession, having regard to the advanced state of the science of surgery; that the defendant was bound to possess that skill only which physicians and surgeons of ordinary ability and skill, practising in similar localities, with opportunities for no larger experience, ordinarily possess; and he was not bound to possess that high degree of art and skill possessed by eminent surgeons in large cities, and making a specialty of the practice of surgery; that the rule applicable to the case was not applicable to physicians and surgeons alone, and was not confined to other members of the learned professions; but it was equally applicable to all persons holding themselves out as possessing special skill in the business in which they were engaged; that a civil engineer, watchmaker, mechanic or blacksmith was subject to the same rule of law.   The judge declined to instruct the jury, as requested by the plaintiff, that it was incumbent on the defendant to possess the degree of skill and learning possessed by well-educated surgeons; and that the average degree of skill and learning possessed by the surgeons of this Commonwealth was not necessarily all the skill and learning which it was incumbent on the defendant to possess. *Held*, that the plaintiff had no ground of exception.

TORT against a physician and surgeon for malpractice in dressing and caring for a wound upon the plaintiff's wrist.    Trial in

this court, before *Colt*, J., who allowed a bill of exceptions in substance as follows:

The wound was made by glass, and, as the defendant testified, the cut throughout the whole inside of the wrist extended to the bone, severing all the arteries and tendons. The testimony of experts on both sides was, that the wound was a very severe one and required a considerable degree of skill in its treatment. The defendant was a physician and surgeon in Chelmsford, a country town in this Commonwealth, of about twenty-five hundred inhabitants, and had no experience in surgery beyond that usually had by country surgeons. There was evidence that an eminent surgeon resided within four miles of the defendant; that the treatment of the defendant extended over about ten days, and the plaintiff during all this time was physically able to have visited any other surgeon, if so directed, which was not done. One of the experts called by the plaintiff testified, that he did not think the average country surgeon would be likely to possess the requisite skill to care for this wound. The evidence of the experts was conflicting, some testifying that the wound was properly treated, others the contrary.

The judge instructed the jury in substance as follows: " A physician or surgeon without a special contract with his patient, is never considered as warranting a cure. His contract, as implied by law, is: 1. That he possesses that reasonable degree of learning, skill and experience which is ordinarily possessed by others of his profession, having regard to the present advanced state of the science of surgery. 2. That he will use reasonable and ordinary care and diligence in the treatment of the case committed to him. 3. That he will use his best judgment in all cases of doubt as to the best course to pursue in his treatment of the case. The defendant, undertaking to practise as a physician and surgeon in a town of comparatively small population, was bound to possess that skill only which physicians and surgeons of ordinary ability and skill, practising in similar localities, with opportunities for no larger experience, ordinarily possess; and he was not bound to possess that high degree of art and skill possessed by eminent surgeons practising in large cities, and making a specialty of the practice of surgery. He is not responsible for want of success, unless it is proved to result from

want of ordinary care and attention, and then only to the extent of the injury caused by his want of skill and neglect, not for the whole consequences of the particular original injury or disease. He is not presumed to engage for extraordinary skill or extraordinary care and diligence. He is not responsible for errors in judgment, or mere mistakes in matters of reasonable doubt and uncertainty, provided he exercises ordinary skill and diligence. The rule applicable to this case is not a rule of law applicable to physicians and surgeons alone, nor is it confined to other members of the learned professions, but it is equally applicable to all persons who hold themselves out as possessing special skill in the transaction of the business in which they are engaged. A civil engineer, a watchmaker, mechanic or blacksmith, for instance, is subject to the same rule of law.

At the plaintiff's request, the jury were instructed that, if the defendant had not the requisite skill and experience to treat the wound, he should have temporarily dressed it, if necessary, and recommended the plaintiff to a more skilful surgeon.

The plaintiff objected to the instructions given, only in so far as the degree of skill, learning and experience required of the defendant was concerned, contending that a higher degree thereof was required of the defendant than above laid down; and relied entirely on the defendant's lack of skill, learning and experience.

The plaintiff also asked the judge to instruct the jury that " it is incumbent upon the defendant to possess the degree of skill and learning possessed by well-educated surgeons; " and " that the average degree of skill and learning possessed by the surgeons of this Commonwealth is not necessarily all the skill and learning which it is incumbent on the defendant to possess." The judge declined to give these instructions.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*G. A. Torrey,* for the plaintiff. 1. The defendant, by undertaking, as a surgeon, to treat the plaintiff's wound, was bound to possess that reasonable degree of skill, learning and experience requisite to insure a proper treatment of the case, and to know enough to be able to judge whether he was competent to undertake the treatment of so severe a wound; if he was not, it was

his duty to render the necessary temporary care, and to send the plaintiff to a surgeon having proper qualifications. It was entirely immaterial that the defendant resided a few rods within the line of a country town. He would not have been subject to a different rule had he moved into the city of Lowell during the treatment of the plaintiff's case. The jury, in estimating what qualifications are necessary, have a right to consider the average skill, learning and experience of the profession, properly so called, that is, of well-educated physicians and surgeons, exclusive of quacks and mountebanks. Under the instructions given, the only question for the jury was whether the defendant was up to the average of all those who practise the profession in the country. The instructions given do not discriminate between a severe and an ordinary injury. Had this been a most difficult and dangerous case of amputation, which no country sur geon could attempt without rendering himself morally guilty of murder, the defendant, if an ordinary country surgeon, (which is practically equivalent to no surgeon at all,) under the instruction of the court, would have been justified in undertaking it.

2. The jury should have been instructed that the defendant was bound to possess at least the average skill of well-educated surgeons; or, at least, the skill of the average surgeons in the whole Commonwealth, and not merely that of those in the country towns. The rule laid down by the court lowers the standard of learning. and skill required for the practice of medicine and surgery, by admitting, as a component factor, the ignorant and unskilful, and thereby endangers the safety of the unlearned, who are little able to judge of the acquirements of a professional man, and is not in accordance with the authorities. *Leighton* v. *Sargent*, 7 Foster, 460. *Landon* v. *Humphrey*, 9 Conn. 209. *Wilmot* v. *Howard*, 39 Vt. 447. *Hathorn* v. *Richmond*, 48 Vt. 557. *Utley* v. *Burns*, 70 Ill. 162. *Barnes* v. *Means*, 82 Ill. 379. *Branner* v. *Stormont*, 9 Kan. 51. *Carpenter* v. *Blake*, 17 N. Y. Sup. Ct. 358. *Heath* v. *Glisan*, 3 Oregon, 64. *Gallagher* v. *Thompson*, Wright, 466. *McCandless* v. *McWha*, 22 Penn. St. 261. *Haire* v. *Reese*, 7 Phila. 138.

The true rule is, that the surgeon contracts that he has the requisite skill to treat the wound properly, or to be aware that he cannot do it, and, in estimating this degree of skill, the

standard of the ordinary professional man of education and experience is to be the guide for the jury. If he has not the requisite qualification he must so state, and then, if the patient sees fit to trust him, he can operate with safety. *Patten* v. *Wiggin*, 51 Maine, 594. *Lanphier* v. *Phipos*, 8 Car. & P. 475. *Rich* v. *Pierpont*, 3 F. & F. 35.

*H. B. Staples*, for the defendant.

AMES, J. The complaint of the plaintiff is, that, in the treatment of the wound under which he was suffering, the defendant did not furnish that degree of skill, learning and experience which was required of him, and which, in undertaking the case, he impliedly bound himself to furnish. It is not contended that he engaged to furnish extraordinary skill, or that he warranted a cure, but that in undertaking the case he held himself out as being a man of reasonable and ordinary skill and experience in his profession as a surgeon. His contract, as implied by law, is, so far as this point is concerned, that he possesses that reasonable degree of learning, skill and experience which is ordinarily possessed by others of his profession. *Leighton* v. *Sargent*, 7 Foster, 460. It must be the ordinary skill, learning and experience of the profession generally. *Wilmot* v. *Howard*, 39 Vt. 447. And, in judging of this degree of skill in any given case, regard is to be had to the advanced state of the profession at the time. *McCandless* v. *McWha*, 22 Penn. St. 261.

The instructions which were given upon this subject were in conformity to these principles, and the jury were distinctly told, that, in their estimate of the reasonable skill ordinarily possessed by others in the profession, regard was to be had to the present advanced state of the science of surgery. The plaintiff, however, complains that the rule, as given by the presiding judge, lowers the standard of learning and skill required for the practice of medicine and surgery, by including in the expression, " others in the profession," all the mountebanks, ignorant pretenders, and impostors who undertake the practice of medicine and surgery as their ordinary calling. The judge in his charge was speaking of the " profession," of the " advanced state of the science of surgery," and of the " learned professions." These terms clearly imply study, education and special preparation. They have no application to persons who, without education, and nothing to

guide them but some pretended inspiration of their own, usurp the name and seek to assume the character of physicians and surgeons. The instruction upon this general subject was safer and more accurate than that requested by the plaintiff. "The degree of learning, skill and experience ordinarily possessed by the profession," is a more distinct and less speculative and misleading form of expression than "the skill and learning possessed by well-educated surgeons." The instructions requested by the plaintiff were therefore properly refused. The jury could hardly have supposed that the skill required of the defendant was merely the average skill of all practitioners, educated and uneducated, permanent and occasional, regulars and interlopers alike.

One other point remains to be considered. It is a matter of common knowledge that a physician in a small country village does not usually make a specialty of surgery, and, however well informed he may be in the theory of all parts of his profession, he would, generally speaking, be but seldom called upon as a surgeon to perform difficult operations. He would have but few opportunities of observation and practice in that line such as public hospitals or large cities would afford. The defendant was applied to, being the practitioner in a small village, and we think it was correct to rule that "he was bound to possess that skill only which physicians and surgeons of ordinary ability and skill, practising in similar localities, with opportunities for no larger experience, ordinarily possess; and he was not bound to possess that high degree of art and skill possessed by eminent surgeons practising in large cities, and making a specialty of the practice of surgery."

At the plaintiff's request, the court ruled in substance that, if the case was one which the defendant was not qualified to undertake, he should have referred the plaintiff to a more skilful surgeon. The remark of the presiding judge, that the rule as to ordinary skill applied equally to mechanical operations and employments not included within the range of the learned professions was merely an illustration, and could not have misled the jury. No wrong was done to the plaintiff in the trial, and the

*Exceptions are overruled.*