MABEL FORCE *v.* EDWARD P. GREGORY.

New Haven & Fairfield Cos., April T., 1893. ANDREWS, C. J., CARPENTER, TORRANCE, FENN and BALDWIN, Js.

In determining what constitutes the reasonable and ordinary skill and diligence which it is the duty of a physician to possess and exercise, the test is the degree of skill and diligence which other physicians in the same general neighborhood and in the same general line of practice, ordinarily have and practice.

A homeopathic physician gave to a case the treatment prescribed by his school of practice, and was charged with negligence and malpractice. Held that the question was not to be determined by applying to the case the rules and practice of the allopathic school, but those of the school to which he belonged and within which he practiced.

Where there were numerous medical witnesses of the allopathic school who condemned his mode of treatment, and the court charged the jury that "the defendant's negligence or want of skill must be determined by all the evidence, and that they must weigh the testimony, having regard to any bias or prejudice that might influence the testimony of those who belonged to a different school," it was held that the charge did not make it sufficiently clear to the jury that no question as to the comparative merits of the two modes of practice was to be considered by them, and that the defendant's treatment of the case was to be judged only by the rules and practice of his own school.

And held not to affect the case that the plaintiff was an infant, incapable of contracting; nor that the defendant was called in by her father.

[Argued May 3d—decided May 22d, 1893.]

ACTION to recover damages for malpractice by the defendant as a physician, the plaintiff being a minor and suing by her next friend ; brought to the District Court of Waterbury and tried to the jury, upon a general denial, before *Bradstreet, J.* Verdict for the plaintiff, and appeal by the defend-

ant for error in the rulings and charge of the court. The case is fully stated in the opinion.

*J. W. Webster*, for the appellant, cited—2 Shearm. & Redf. on Negligence, § 609; 3 Wharton & Stillson's Med. Jurisprudence, § 766; Rogers on Expert Testimony, § 64; *Sumner* v. *Utley*, 7 Conn., 257, 264; *Smith* v. *Hyde*, 19 Verm., 54; *Patten* v. *Wiggin*, 51 Maine, 594, 597; *McCandless* v. *McWha*, 22 Penn. St., 261; *Corsi* v. *Maretzek*, 4 E. D. Smith, 1; *Bowman* v. *Woods*, 1 Greene, (Iowa,) 441.

*C. G. Root*, for the appellees, cited—1 Swift's Dig., 563; 1 Shearm. & Redf. on Negligence, § 116, and note 2; 2 id., §§ 606, 607; *Landon* v. *Humphrey*, 9 Conn., 209, 216; *Thomas* v. *Winchester*, 6 N. York., 397; *Carpenter* v. *Blake*, 75 id., 12; *Scudder* v. *Crossan*, 43 Ind., 343; *Leighton* v. *Sargent*, 27 N. Hamp., 460; *Norton* v. *Sewall*, 106 Mass., 143.

FENN, J. This is an action by a minor child to recover damages against the defendant, who is a homeopathic physician, for alleged malpractice in treating her for ophthalmia. The jury returned a verdict for the plaintiff, and from the judgment rendered thereon the defendant appealed to this court.

The only questions presented which are necessary to consider relate to the charge of the court to the jury. Evidence was offered to show that the defendant in treating the plaintiff adopted the remedies prescribed by the homeopathic practitioners. It appeared that the allopathic school of medicine would treat such a case differently, and in the latter way the plaintiff claimed that she ought to have been treated. The defendant asked the court to charge the jury—"that treatment by a physician of one particular school is to be tested by the general doctrines of his school, and not by those of other schools." The court refused to so charge, and charged as follows:—"In regard to that matter I will say that the defendant's negligence or want of skill in the treatment of the plaintiff's eye must be determined by all of the

evidence in the case, and if the defendant adopted the treatment laid down by one particular school of medicine, and the medical testimony offered by the plaintiff related to treatment prescribed by a different school, you will weigh the testimony, having regard to any bias or prejudice that might influence the testimony of those who belonged to a different school from that of the defendant. You should also take into consideration the training and education of the defendant for his profession, the experience which he has had, and the degree of skill with which he handled the case, all bearing upon the question whether the defendant used ordinary care and skill in the treatment of the plaintiff." The defendant claims that the court erred, both in refusing to charge as requested and in charging as it did.

In the absence of special contract physicians and surgeons, by holding themselves out to the world as such, impliedly contract that they possess the reasonable and ordinary qualifications of their profession, and are under a duty to exercise reasonable and ordinary care, skill and diligence. *Landon* v. *Humphrey*, 9 Conn., 209; *Kendall* v. *Brown*, 74 Ill., 232; *Small* v. *Howard*, 128 Mass., 131; *Ballou* v. *Prescott*, 64 Maine, 305; *Leighton* v. *Sargent*, 31 N. Hamp., 119; *Ely* v. *Wilbur*, 49 N. Jer. Law, 685; *Potter* v. *Warner*, 91 Penn. St., 362; *Hathorn* v. *Richmond*, 48 Verm., 557; *Gates* v. *Fleischer*, 67 Wis., 504. In determining what constitutes reasonable and ordinary care, skill and diligence, the test is that which physicians and surgeons in the same general neighborhood and in the same general line of practice ordinarily have and exercise in like cases. *Hathorn* v. *Richmond, supra; Utley* v. *Burns*, 70 Ill., 162; *Almond* v. *Nugent*, 34 Iowa, 300; *Small* v. *Howard*, (*supra*,) 35 Am. Rep., 363; *Leighton* v. *Sargent, supra*. In addition to this, however, regard must be had to the advanced state of the profession at the time of the treatment. *Small* v. *Howard, supra; Gates* v. *Fleischer, supra; Smothers* v. *Hanks*, 34 Iowa, 286; *Nelson* v. *Harrington*, 72 Wis. 591.

Premising these general principles, we come to the precise question presented by the appeal: Ought the defendant's

request to charge to have been complied with? And was the charge, as given, correct and sufficient? The language of the request may be found in *Patten* v. *Wiggin*, 51 Maine, 594, where the following charge was held to be correct: "If there are distinct and different schools of practice, and a physician of one of those schools is called in, his treatment is to be tested by the general doctrines of his school, and not by those of other schools. It is to be presumed that the parties so understood it. The jury are not to judge by determining which school, in their own view, is best." And the same principle was clearly stated, in an able opinion, in *Bowman* v. *Woods*, 1 Greene, (Iowa), 441, and we are aware of no authority to the contrary. But notwithstanding this, it seems to us that the inherent difficulty in an endeavor to vindicate the action of the court below, is not because the court failed to charge in the identical language of the request, nor because of the language actually used by the court, which appears correct so far as it goes, but rather because the court, in refusing to charge as requested and only charging as it did, omitted to bring to the attention of the jury a consideration which, in view of the testimony received, and the claims made thereon by counsel, ought to have been presented to them. It having appeared how the allopathic school of medicine would treat a case of the character of the one in question, the court, as we have seen, said:—" If the defendant adopted the treatment laid down by one particular school of medicine, and the medical testimony offered by the plaintiff related to the treatment prescribed by a different school, you will weigh the testimony, having regard to any bias or prejudice that might influence the testimony of those who belonged to a different school from that of the defendant." Doubtless this is correct; the testimony should be so weighed. But if the defendant adopted the treatment, not of one particular school in the abstract, but of his own particular school, which he publicly professed and practiced, and the medical testimony offered by the plaintiff related to treatment prescribed by a different school, such testimony should be weighed, not alone with regard to bias or prejudice influencing the testimony

of witnesses, but with regard to bias or prejudice which might influence or incline the jury in favor of one school rather than the other. For, as was said in *Patten* v. *Wiggins, supra ;*—" The jury are not to judge, by determining which school, in their own view, is best." And as it seems to us, from the testimony presented, which did not stop with the statement of how, in the view of the witnesses, such a case ought to be treated, but went farther and stated how " the allopathic school of medicine would treat it," it was precisely from such bias or prejudice the defendant stood in danger. Indeed, the counsel for the plaintiff freely admitted, in argument before us, that the respective merits of the two schools of medical practice were, and as he claimed of right ought to have been, on trial before the jury. We cannot concede such right, and the jury, we think, should have been told that the relative merits of the two schools were in no sense before them for their consideration ; that so far as the defendant was to be judged by either, it was by the tenets, rules, principles and practices of his own school, not by those of another; and that if the defendant adopted the treatment laid down by his own school, the fact that another school prescribed another treatment, tended in no wise to show that the defendant was chargeable with lack of skill or negligence. It would seem that if it could be held negligent or unskillful in a given case to use the treatment prescribed by the school to which the practitioner belonged, such negligence or want of skill must consist either in the mode of use, the application of such remedies under improper circumstances, or because they were intrinsically wrong, inappropriate or inadequate. If there be any valid objection to the language quoted from *Patten* v. *Wiggin, supra,* it is in the failure to incorporate with the general statement the further one that the test there given does not exclude the duty of keeping pace with the progress of professional knowledge, ideas and discoveries, to the extent that a faithful, conscientious and competent practitioner, of whatever school, may be reasonably expected and is therefore lawfully required to do, not because the test of the treatment of some other school can be applied. It may be added

that the general expressions in the charge under considera-
tion, that the question of the defendant's negligence " must
be determined by all of the evidence in the case " and that
the jury should consider " the training and education of the
defendant for his profession, the experience which he had
had, and the degree of skill with which he handled the case,"
in no sense appear to meet or supply the wanting element
in the charge, and that because of such element, if the un-
qualified language of the request was too broad, still the rule
stated in *Seeley* v. *Town of Litchfield*, 49 Conn., 138, applies,
and that " if it was not the duty of the court to charge pre-
cisely as requested, yet it was its duty to respond to the re-
quest by charging the jury correctly on that subject."

It was not claimed that the fact that the plaintiff was an
infant of tender years, incapable of contracting, and that the
physician was called by her father, in any way extended or
altered the implied contract and duty of the defendant. Nor
do we think such a claim, if made, would have been valid.
It appeared that the defendant had at least to some extent
been the family physician, and had previously, as such, pre-
scribed for the plaintiff; but this circumstance also is one to
which no importance has been attached.

There is error, and a new trial is granted.

In this opinion the other judges concurred.