GENEVIEVE FEENEY, pro ami, *vs.* JAMES A. SPALDING.

Washington.    Opinion April 8, 1896.

*Physician.    Negligence.    Verdict.*

In the trial of an action against a physician, who holds himself out as having special knowledge and skill in the treatment of the eye, to recover for an injury claimed to be caused by him in performing an operation upon the eye, his professional services being sought while he was passing through the town in which the patient lived, it is incumbent upon the plaintiff to prove, before he is entitled to recover a verdict, that the injury complained of was caused, either by the defendant's want of that degree of skill and knowledge which is ordinarily possessed by physicians who devote special attention and study to the treatment of the eye, or by his failure to exercise his best judgment in the application of his skill to the particular case, or by his failure to use ordinary care in the performance of the operation and in giving such instructions as should have been given by a surgeon who was only to perform the operation and who was temporarily in the locality where the patient lived.

At the trial the plaintiff relied almost entirely upon the result, which, it was claimed, followed the operation.    As to this the evidence was conflicting; but there was no evidence of any want of the requisite skill, knowledge or care upon the part of the defendant, while the evidence for the defense was positive and uncontradicted that the operation which was for strabismus was a proper one, that it was performed in a skilful and careful manner, and that it was a physical impossibility for the operation, said to be a very simple one, to have caused the injury complained of.    *Held;* that a verdict for the plaintiff was unauthorized and should be set aside.

ON MOTION BY DEFENDANT.

The case is stated in the opinion.

*J. F. Lynch,* for plaintiff.

*T. L. Talbot,* for defendant.

SITTING: PETERS, C. J., FOSTER, HASKELL, WHITEHOUSE, WISWELL, STROUT, JJ.

WISWELL, J.    The defendant is a physician and oculist practicing in Portland.    In' the summer of 1891, while on a trip to Machias, to visit patients, he stopped over for a short time at Cherryfield.    While he was there, the plaintiff, at that time a girl

seven years old, who had been cross-eyed in one eye since she was a year and a half old, was taken to the defendant by her father for examination and operation if thought desirable.

After an examination by the defendant he performed the usual operation for a difficulty of this kind, bandaged the child's eye, gave certain directions to the father and proceeded upon his journey.

It was claimed by the plaintiff that prior to this operation the sight of this eye was, at least, fairly good, that in fact no defect whatever in the vision had ever been complained of by the plaintiff or observed by her parents or teacher, and that after the operation the sight of the eye operated upon was entirely gone. She alleges in her writ that this result was caused by the ignorance and want of skill of the defendant and by his carelessness in the performance of the operation. The trial resulted in a verdict for the plaintiff.

Before the plaintiff was entitled to recover a verdict it was incumbent upon her to prove that the injury complained of was caused either by the defendant's want of that degree of skill and knowledge which is ordinarily possessed by physicians who devote special attention and study to the treatment of the eye; or by his failure to exercise his best judgment in the application of his skill to the particular case; or by his failure to use ordinary care in the performance of the operation and in giving such instructions as should have been given by a surgeon who was only to perform the operation and who was temporarily in the locality where the patient lived.

At the trial the plaintiff relied almost entirely upon the result which it is claimed followed the operation. Upon this question the evidence was conflicting. The plaintiff, her parents and others testified that before the operation there was no defect in vision, or that they had never observed any; while the expert testimony upon the part of the defense was to the effect that an examination of the eye showed conclusively that the defective vision had existed from birth, and that it was as good at the time of the trial as it ever had been.

Even if there was sufficient evidence to authorize the jury to find for the plaintiff upon this question, such a finding was not sufficient to warrant a verdict for the plaintiff, when there was no evidence of any want of the requisite skill, knowledge or care upon the part of the defendant, and when the evidence for the defense was positive and uncontradicted that the operation was a proper one; that it was performed in a skilful and careful manner, and that it was a physical impossibility for this operation, said to be a very simple one, performed as it was, to have caused the injury complained of.

We feel certain that a verdict in favor of the plaintiff was not authorized by the evidence, and we believe that sympathy for the plaintiff unduly influenced the jury in rendering such a verdict.

*Motion sustained. New trial granted.*