## De Long, Appellant, *v.* Delaney.

*Negligence—Physicians—Malpractice.*

In an action against a physician for negligence in failing to use a tourniquet after an accident, a nonsuit was properly entered where there is no evidence at all from any witness competent to express an opinion that a tourniquet should have been used, or that a tight bandage applied by defendant was not fully equivalent.

Argued March 18, 1903. Appeal, No. 38, Jan. T., 1903, by plaintiff, from order of C. P. Lycoming Co., Sept. T., 1902, No. 322, refusing to take off nonsuit in case of Mary A. De Long v. William E. Delaney. Before MITCHELL, DEAN, FELL, BROWN and POTTER, JJ. Affirmed.

Trespass to recover damages for negligence. Before HART, P. J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was the order of the court.

*W. M. Stephens,* for appellant.

*Seth T. McCormick,* with him *Frank P. Cummings,* for appellee.

PER CURIAM, May 18, 1903:

Plaintiff's husband had his leg badly crushed in attempting to board a railroad train near Cammal station, and defendant, a physician, was called in on the emergency to treat him. Defendant rendered the first aids to the wounded man, washed and dressed the wound, bandaged the leg, and then relinquished the case to the family physician, who was expected, and arrived by the same train on which defendant left. The injured man remained under the care of the family physician for about two hours and then was put on a train and taken to the hospital at Williamsport, where his leg was found to have bled profusely and where he died a few hours later from loss of blood. At the trial the plaintiff proved the foregoing facts, gave some

evidence that a tourniquet was an instrument in common use among physicians for stopping the flow of blood and that it had not been used by the defendant. Plaintiff then rested her case, and the court entered a nonsuit.

The negligence relied on by appellant is the failure to use a tourniquet. But there was no evidence at all, from any witness competent to express an opinion, that a tourniquet should have been used, or that the tight bandage applied by defendant was not fully equivalent, in short that there was any negligence shown. The jury could only have made an uninformed guess. Negligence cannot be found in that way.

Judgment affirmed.