## ELLA M. SAWYER v. J. L. BERTHOLD.[1]

January 12, 1912.

Nos. 17,361—(147).

**Action for malpractice — opinion of expert based upon the result.**

In an action against a physician to recover damages for negligent or unskilful treatment of a patient, the result alone is not evidence of negligence; but an expert witness may give his opinion, based upon the result, that the treatment must have been improper, and such an opinion is evidence on which the court or jury may find negligence.

**Question for jury — verdict sustained by evidence.**

Evidence in this case considered, and *held*, that the question of defendant's negligence was for the jury, and that the evidence sustains the verdict.

[1] Reported in 134 N. W. 120.

Action in the district court for Otter Tail county to recover $10,-000 for malpractice. The answer specifically denied negligence in the treatment of plaintiff's arm and alleged that if it became permanently crippled, deformed, stiff and useless, the condition was due solely to plaintiff's negligence. The reply was a general denial. The case was tried before Taylor, J., and a jury which returned a verdict in favor of plaintiff for $2,000. From an order denying defendant's motion in the alternative for judgment notwithstanding the verdict or for a new trial, he appealed. Affirmed.

*M. J. Daly,* for appellant.

*Parsons & Brown,* for respondent.

BUNN, J.

This action was brought against the defendant, a physician and surgeon, to recover damages claimed to be the result of negligent and unskilful treatment of a fracture of plaintiff's wrist. The case was submitted to the jury, and a verdict returned for plaintiff, assessing her damages at $2,000. Defendant moved for judgment notwithstanding the verdict or for a new trial, and appealed from the order denying such motion.

The main questions before us are whether there was evidence to take the case to the jury, and, if so, whether the evidence so preponderates against the verdict that it was an abuse of discretion to refuse a new trial.

Plaintiff, a woman forty-six years of age, early in the morning of June 16, 1909, fell on the stairs at her home in Perham, and sustained what is known as a Colle's fracture of the tip of the radius and the ligaments in the wrist joint. It is admitted that the fracture was an aggravated one that required skill and care on the part of the surgeon. Defendant, who is a physician and surgeon residing at Perham, was immediately called. He diagnosed the case correctly, and treated the injured wrist by the application of splints and bandages, with the object of effecting a reduction of the fracture and a union of the bones. About six weeks after the accident defendant determined that a union had taken place, removed the splints and bandages, and ceased treating plaintiff. At the time of

the trial plaintiff's hand was in an abnormal, deformed position, she had little or no use of the hand or fingers, and continued to suffer pain.

The result, whether of the fracture, or of defendant's treatment, was admittedly bad. The evidence to show that defendant's treatment was unskilful or negligent was the testimony of experts, based wholly on the result, and evidence of an admission by defendant that "it was a bad job and he had made a mistake."

Dr. Wilcox, an expert witness for plaintiff, testified in substance that such a deformity following a fracture of the wrist such as plaintiff sustained would generally indicate improper treatment, though he qualified this by the statement that there are some cases in which such a result cannot be avoided.

Dr. Brabec, a witness for the defendant, while testifying that defendant's treatment was proper, said substantially that if, when the bandages were removed, the hand was in the same position as it was at the trial, there was something wrong, and it would not be good treatment for the attending physician to quit the case. He also testified that, if the hand had been properly set, it ought to have been practically straight at the end of six weeks. The testimony of plaintiff and her witnesses was ample to sustain a finding that the hand was in the same position at the time the bandages were removed as it was at the trial.

It is undoubtedly correct that negligence of a physician or surgeon cannot be inferred from a poor result alone. There must be evidence from expert witnesses tending to show improper or unskilful treatment, in order to sustain a charge of malpractice against the physician. But this is not saying that an expert witness may not base his opinion that the treatment was improper wholly on the result, or that a court or jury cannot base its decision upon such an opinion. Without the assistance of expert evidence, it is entirely logical and correct to say that the result furnishes no evidence of negligent treatment; but there doubtless are cases where evidence of a poor result alone would convince an expert that the treatment must have been improper, and in such cases we can see no reason for excluding the opinion based on such evidence, or in refusing to give weight

to such opinion.   The court does not draw the inference of negli-gence from the result, but from the evidence of the experts.

We hold, therefore, that the opinion of Dr. Wilcox was properly received in evidence, and was entitled to be considered by the jury. His evidence, together with the evidence of the admission by defend-ant, made a prima facie case, and the trial court correctly refused to dismiss at the close of plaintiff's case.   The evidence of Dr. Brabec tended to strengthen plaintiff's case, and while, on the entire evi-dence, a verdict for defendant would have been justified, we think the case was one for the jury to decide, and that the verdict is not so against the weight of the evidence that we ought to interfere after the trial court has approved it.   The trial was eminently fair, and the instructions of the trial court clear and correct.   Under the rules guiding the action of this court, we are not justified in saying that the trial court abused its discretion in refusing a new trial, either on the ground of insufficient evidence or of excessive damages.   There were no errors in the rulings on the admission of evidence.

Order affirmed.