Slimak *v.* Foster.

———————

ALBERT SLIMAK *vs.* DEAN FOSTER.

Third Judicial District, Bridgeport, April Term, 1927.

WHEELER, C. J., CURTIS, MALTBIE, HINMAN and WOLFE, Js.

The care, skill and diligence which a physician or surgeon specializing in diseases of certain organs must exercise, is that which practitioners in the same general neighborhood and same special line have and exercise in like cases.

In an action against a physician or surgeon for malpractice, the main issue of the defendant's professional skill lies peculiarly within the domain of expert testimony and, therefore, the plaintiff cannot ordinarily recover where, instead of producing such testimony, he relies merely upon evidence of the treatment and his resulting sufferings.

A generally recognized exception to this rule exists in cases where there is a gross want of care or skill so obvious as to afford, of itself, an almost conclusive inference of liability.

While the defendant was attempting to remove a bony spur from the left nostril of the plaintiff's nose, a blade of the instrument broke off and lodged in the cartilage. The defendant did not complete the excision of the spur, nor did he extract the blade, which the plaintiff himself removed about six weeks later. The jury returned a verdict for the plaintiff which the trial court set aside on the ground that there was no expert testimony that the defendant's conduct was not reasonably skillful. *Held* that the testimony of the two doctors produced by the plaintiff, while not directly and positively condemnatory of the defendant's conduct, offered the jury a sufficient basis for the conclusion that he was negligent, especially as he offered no evidence that he acquainted the plaintiff with the facts or in justification of his failure to remove the blade or the spur.

Argued April 22d—decided June 28th, 1927.

ACTION to recover damages alleged to have resulted from negligent and unskillful surgical treatment of the

plaintiff's nose by the defendant, brought to the Superior Court in Fairfield County and tried to the jury before *Banks, J.;* verdict for the plaintiff which the trial court, upon defendant's motion, set aside, and from this decision the plaintiff appealed. *Error; judgment to be entered on the verdict.*

*Nehemiah Candee,* for the appellant (plaintiff).

*William H. Comley,* with whom was *Raymond E. Baldwin,* for the appellee (defendant).

HINMAN, J. The plaintiff offered evidence from which the jury might reasonably have found that while the defendant, a physician and surgeon specializing in the treatment of diseases of the eye, ear, nose and throat, was performing an operation upon the plaintiff for the removal of a bony spur from the left nostril of his nose, a blade of the instrument which he was using broke off in the cartilage of the nose and remained lodged therein. The defendant did not remove this broken piece or inform the plaintiff of its presence, but gave him treatment two or three times thereafter; neither did he complete the removal of the nasal spur. About six weeks later the plaintiff himself removed the fragment of instrument with his fingers. The verdict for the plaintiff was set aside upon the ground that although two specialists testified as to subsequent examinations and treatment of the plaintiff's nose, no expert evidence was offered that the defendant's failure to remove the broken piece was negligent or that a reasonably skillful specialist would have extracted it and removed the bony spur. The validity of this ground is the principal question presented by this appeal.

In determining what constitutes the reasonable and ordinary care, skill and diligence which a physician or

surgeon specializing in diseases of certain organs is required to exercise, the test is that care, skill and diligence which practitioners in the same general neighborhood and the same special line have and exercise in like cases. *Styles* v. *Tyler,* 64 Conn. 432, 30 Atl. 165; *Force* v. *Gregory,* 63 Conn. 167, 27 Atl. 1116; *Slade* v. *Harris,* 105 Conn. 436, 440, 135 Atl. 371; *Harris* v. *Fall,* 177 Fed. 79; *Rann* v. *Twitchell,* 82 Vt. 79, 71 Atl. 1045; 20 L. R. A. (N. S.) 1030. It was, therefore, of controlling importance in this case to ascertain whether, in allowing the piece of instrument to remain and in discontinuing his attempt to remove the nasal spur, the defendant measured up to this standard. When a topic requiring special experience of an expert forms a main issue in the case, the evidence on that issue must contain expert testimony or it will not suffice. "In actions for malpractice against a physician or surgeon, the main issue of the defendant's use of suitable professional skill is generally a topic calling for expert testimony only; and also that the plaintiff in such an action often prefers to rest his case on the mere facts of his sufferings, and to rely upon the jury's untutored sympathies, without attempting specifically to evidence the defendant's unskillfulness as the cause of those sufferings. Here the courts have been obliged to insist on the dictate of simple logic, . . . . expert testimony on the main fact in issue must somewhere appear in the plaintiff's whole evidence; and for lack of it the court may rule, in its general power to pass upon the sufficiency of evidence, that there is not sufficient evidence to go to the jury," or to sustain a plaintiff's verdict. 4 Wigmore on Evidence (2d Ed.) § 2090. This doctrine has been applied and sustained in numerous cases collected in the note to the above quoted section (p. 454 *et seq.*) including the following: *Ewing* v. *Goode,* 78 Fed. 442, 444; *Perkins* v. *Trueblood,* 180

Cal. 437, 181 Pac. 642; *McGraw* v. *Kerr*, 23 Colo. App. 163, 128 Pac. 870; *Adolay* v. *Miller*, 60 Ind. App. 656, 111 N. E. 313; *Snearly* v. *McCarthy*, 180 Iowa, 81, 161 N. W. 108; *Pettigrew* v. *Lewis*, 46 Kan. 78, 26 Pac. 458; *Rainey* v. *Smith*, 109 Kan. 692, 201 Pac. 1106; *Sawyer* v. *Berthold*, 116 Minn. 441, 134 N. W. 120; *Feeney* v. *Spalding*, 89 Me. 111, 35 Atl. 1027; *Farrell* v. *Haze*, 157 Mich. 374, 122 N. W. 197; *De Long* v. *DeLaney*, 206 Pa. St. 226, 55 Atl. 965; *Barker* v. *Lane*, 23 R. I. 224, 49 Atl. 963; *Krueger* v. *Chase*, 172 Wis. 163, 177 N. W. 510; *Loudon* v. *Scott*, 55 Mont. 645, 194 Pac. 488, 12 A. L. R. 1487; *Wilkins' Admr.* v. *Brock and Rosselle*, 81 Vt. 332, 70 Atl. 572; *Tady* v. *Warta*, 111 Neb. 521, 196 N. W. 901.

The reason for the rule is perhaps as clearly and succinctly stated as anywhere in *Snearly* v. *McCarthy*, *supra*, p. 86, which involved alleged malpractice in reducing a fracture of the plaintiff's leg: "While the method of treatment adopted by the defendant is fully pointed out and described in the testimony, no witness was called by the plaintiff to show that this was not regarded as proper practice by the profession in the locality where the defendant practiced. . . . As a general rule, it may be safely affirmed that, in matters requiring special skill and training, it is not permissible for laymen as nonexperts to set up any artificial standards as to methods of treatment. This is especially true in surgery; for in that field neither courts nor juries are presumed to know more regarding methods of treatment than ordinary laymen, and that is practically nothing. After hearing the theories, deductions and scientific facts from experts, both judge and jury must often oppose one set of opinions against another and determine which is the more reasonable, but they cannot, without some guide, presume to fix any standard upon which to determine the correctness of any kind

of treatment." In.*Pettigrew* v. *Lewis, supra,* p. 81, it is said: " 'The question whether a surgical operation has been unskillfully performed or not is one of science, and is to be determined by the testimony of skillful surgeons as to their opinion.' " Of course cases may, and do, arise where there is manifest such obvious gross want of care or skill as to afford, of itself, an almost conclusive inference and dispense with the necessity of testimony by expert witnesses. Illustrative of this class of cases are *Wharton* v. *Warner,* 75 Wash. 470, 135 Pac. 235, the leaving of a spring twelve inches long in the body of the patient; *Evans* v. *Roberts,* 172 Iowa, 653, 154 N. W. 924, part of patient's tongue cut off in removing adenoids; and cases in which gauze pads, sponges, and similar articles have been left and closed in incisions, as in *Davis* v. *Kerr,* 239 Pa. St. 351, 86 Atl. 1007, 46 L. R. A. (N. S.) 611, and cases in note. Such cases constitute the only generally recognized exception to the rule above stated.

Even if it should be held that the present case does not fall within this exception, we are unable to agree with the trial court that the plaintiff's evidence was necessarily so lacking in the expert testimony required by the rule as to thereby defeat his recovery. To be sure, there was no specific expression of opinion that the conduct of the defendant was negligent or unskillful, the expert witnesses being manifestly and naturally cautious in characterization, in the absence of more exact information as to the precise conditions obtaining at the time of the operation than could be afforded by the plaintiff. This must of necessity be true in many cases, and to demand a positive condemnation of the operator's course as a prerequisite to recovery would, in such cases, be prohibitory of any recovery therein. However, one of the specialists, being asked

his opinion whether, if the piece of metal had been left in the plaintiff's nose it would have worked out of its own accord, replied, "Usually foreign objects have to be removed; some-times they work out. . . . In the majority of cases, if the foreign body swells up it has to be removed; if it does not swell up it will work out." Also asked if the presence of this broken part of the instrument in the plaintiff's nose would cause pain or discomfort, his answer was, "I should think so." He declined to express an opinion as to how long it would have remained before working out of its own accord. The other expert, who was consulted by the plaintiff soon after the latter removed the metal from his nose, testified that the proper remedy to improve the plaintiff's condition by getting his breathing as nearly normal as possible would be the removal of the bony spur, and that, so far as he could see from his examination, there was nothing to have prevented its removal. We think that this testimony, considered in connection with the other evidence of these surgeons and in the light of the lay evidence, constituted sufficient "evidence from expert witnesses tending to show improper or unskillful treatment," to satisfy at least the minimum requirements of the rule, and to sustain the verdict, especially as the defendant introduced no evidence whatever, either in denial of the plaintiff's claim that he dismissed him without informing him of the presence of the broken piece of instrument in his nose, or in justification of his failure to remove it or the bony spur.

The amount of the verdict cannot be condemned as excessive upon the evidence before the jury as to the experiences of the plaintiff following the operation and the conditions disclosed by the examinations of the other surgeons.

Ranger, Inc. *v.* Gildersleeve.

There is error, the cause is remanded and the Superior Court directed to enter judgment on the verdict.

In this opinion the other judges concurred.