SALLY P. SPOONER ET AL. *v.* G. LAWRENCE AUSTIN, JR.

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, JS.

Argued May 4—decided June 4, 1965

*Morgan P. Ames,* for the appellants (plaintiffs).

*Ralph C. Dixon,* with whom was *Charles W. Page,* for the appellee (defendant).

1

ALCORN, J. This is a malpractice action. The complaint alleged, in substance, that the defendant, a physician, treated the named plaintiff, hereinafter called the plaintiff, from June 11 to December 31, 1958, for a condition which he negligently diagnosed as a normal pregnancy; that, if he had used proper methods of examination and treatment, he would have discovered that she was in fact suffering from an abnormal condition of pregnancy which resulted in serious complications; and that as a result of these complications she was compelled to undergo a long hospitalization and several serious operations and has suffered permanent injuries, which would have been avoided by proper diagnosis and treatment.

The finding recites that in the trial of the case to a jury the plaintiff offered evidence to prove and claimed to have proved that she first consulted the defendant on June 11, 1958, at which time he expressed the opinion that she might be pregnant and told her to return in a month. Thereafter, she saw the defendant by appointment on July 8, August 6, September 4, October 7, and October 24. During this time she suffered periods of pain, bleeding and other discomfort. In fact she was suffering from an ectopic pregnancy which had ruptured. An ectopic pregnancy is a common abnormality in the field of obstetrics, and, when a rupture occurs, the signs are pain, amenorrhea and bleeding. The defendant found all of these symptoms of a rupture present in the plaintiff's case on July 8, 1958, and should have discovered the ectopic pregnancy on June 20. The plaintiff experienced pain and bleeding on at least three occasions, namely, June 20, July 15, and September 18, and repeatedly told the defendant about the bleeding and pain. She was hos-

pitalized from October 31 to December 31, 1958, and underwent an operation on November 5. The operation disclosed a generalized pelvic infection. The defendant's failure to utilize recognized tests and to exercise the requisite degree of skill and diligence to discover the condition from which the plaintiff was suffering resulted in the serious infection which endangered her life and produced the injury and damage complained of.

The defendant offered evidence to prove and claimed to have proved that there was no evidence of a ruptured ectopic pregnancy on June 20, 1958, that the plaintiff suffered a miscarriage or missed abortion in September, 1958, and that the infectious disease was a hemolytic strep infection, which may have been present from one month to one or two years.

At the conclusion of the trial the defendant requested, and the court submitted to the jury over the plaintiff's objection, the following interrogatory: "Did the plaintiff suffer a ruptured ectopic pregnancy on June 20, 1958?" The court charged the jury that before there could be a recovery for the plaintiff they must find proven by a fair preponderance of the evidence "that the plaintiff actually had an ectopic pregnancy which ruptured on June 20, 1958". After deliberating for about twenty minutes, the jury inquired of the court: "Do we definitely have to agree that the plaintiff definitely had a ruptured ectopic pregnancy on June 20, 1958, before we can consider further on this case?" The court replied: "[B]efore you can allow the plaintiff a recovery in this case you must conclude that she has established by medical expert testimony that she sustained a ruptured ectopic pregnancy on June 20, 1958." The plaintiff excepted on the

ground, among others, that the complaint did not restrict her claim of a ruptured ectopic pregnancy to a specific date and that the court was unduly restricting her claim in charging as it did. The jury returned a verdict for the defendant. The plaintiff has appealed, assigning error in the charge.

It was error for the court to charge as quoted above. The plaintiff's claims of proof are devoid of any specific assertion that the ectopic pregnancy ruptured precisely on June 20. On the contrary, her claim was that the defendant, in the exercise of due care, should have known of the ectopic pregnancy on June 20. She claimed further that, after such a condition ruptures, pain and hemorrhaging follow. In view of her claims of proof, the jury should not have been restricted to deciding that the rupture actually occurred on June 20, 1958, even though the first of the three periods of pain and bleeding of which the plaintiff offered evidence was claimed to have commenced on that date. See *Snyder* v. *Pantaleo,* 143 Conn. 290, 295, 122 A.2d 21; *Slimak* v. *Foster,* 106 Conn. 366, 370, 138 A. 153. The prejudicial error in thus restricting the case which the plaintiff was required to prove is clearly demonstrated by the jury's question, which was prompted by the interrogatory.

An additional assignment of error needs no discussion.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.