[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision
Presently before the court is plaintiff's motion for summary [judgment]. Said motion should be granted.
On October 25, 1995, the plaintiff, Carol Purvis, filed this malpractice action against the defendants, Gerard Burns, (Burns) a surgeon, and Yale-New Haven Hospital. On February 23, 1996, the plaintiff filed an amended complaint in four counts against the defendants. Counts one and two are directed against Yale-New Haven Hospital, while counts three and four are directed against Burns. The following facts are undisputed.
The plaintiff May 1, 1995, she was admitted to New Haven Hospital as a patient. The plaintiff, who was suffering from epigastric pain, was diagnosed with cholelithiasis. On May 3, 1995, Burns, an employee of Yale-New Haven Hospital, began a laparoscopic cholecystectomy on the plaintiff and converted to an open cholecystectomy upon encountering problems. Burns performed the surgery with the assistance of other employees of Yale-New Haven Hospital. During surgery a laparotomy sponge was left in the right upper quadrant of the plaintiff's abdomen. On May 4, 1996, the plaintiff underwent surgery to remove the laparotomy sponge.
On April 29, 1996, the defendants filed separate answers to the plaintiff's amended complaint.
On July 3, 1996, the plaintiff moved for summary judgment against both defendants on all four counts of her amended complaint. The plaintiff attached a memorandum of law in support of her motion. The court was also provided with an affidavit of the plaintiff as well as a Yale-New Haven Hospital medical report dated June 26, 1995. On August 12, 1996, the defendants filed a memorandum in opposition to the plaintiff's motion for summary judgment; no supporting documents are presented by defendants. CT Page 6233
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Hammerv. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578. "As the party moving for summary judgment, the plaintiff is required to support its motion with supporting documentation, including affidavits." Heyman Associates No. 1 v. Insurance Co. ofPennsylvania, 231 Conn. 756, 796.
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Doty v. Mucci, 238 Conn. 800, 805. "The burden of proof is on the moving party and the standards of summary judgment are strictly and forcefully applied." Miller v. UnitedTechnologies, Corp., 233 Conn. 732, 752, 660 A.2d 810 (1995). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Id., 751-52. "A summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Brackets omitted; internal quotation marks omitted.) Id.,
"Although the party seeking summary judgment has the burden of showing the nonexistence of any [issue of] material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . "Miller v. United Technologies, supra, 233 Conn. 745. "The existence of the genuine issue of material fact must be demonstrated by counter affidavits and concrete evidence." 2830Whitney Avenue Corp. v. Heritage Canal Development Associates,Inc., 33 Conn. App. 563, 567.
The plaintiff claims that since the defendants have admitted that a laparotomy sponge was left in the abdomen of the plaintiff during the surgery, no genuine issue remains as to any material fact as to the defendants' negligence under the doctrine of res ipsa loquitur. The defendants argue that summary judgment is inappropriate because there is a genuine issue of material fact as to whether the doctrine of res ipsa loquitur applies in this case. The defendants also argue that summary judgment is inappropriate in the medical malpractice context because expert testimony is needed to establish 1) the standard of professional CT Page 6234 care to which the defendant is held; 2) that the defendant breached the standard of care; and 3) that plaintiff's injuries were proximately caused by the defendant's breach of the standard of care.
"[O]rdinarily, where the exercise of proper professional skill or care on the part of a physician, surgeon, dentist, or other similar practitioner is in issue, expert testimony tending to establish want of such skill or care is essential to a recovery." Chubb v. Holmes, 111 Conn. 482, 486. "The reason, briefly stated, is that in most such cases a layman does not and cannot have the requisite knowledge as to whether the proper treatment was given, procedure followed, or care used." Id., 486. "The only exception to this rule is afforded by cases `where there is manifest such obvious gross want of care or skill as to afford, of itself, an almost conclusive inference of [lack of skill or care] and dispense with the necessity of testimony by expert witnesses.' Slimak v. Foster, [106 Conn. 366, 370]." Chubbv. Holmes, supra, 111 Conn. 486; Barrett v. Danbury Hospital,232 Conn. 242, 252.
In Slimak v. Foster, supra, 106 Conn. 370, the court pointed to several cases where the lack of skill or care on the part of a surgeon was so obvious that the court could dispense with the necessity of requiring expert medical testimony to establish that lack of skill or care. In particular, the court referred to "cases in which gauze pads, sponges, and similar articles [were] left [by the surgeon] and closed in incisions, as in Davis v.Kerr, 239 Pa. 351, 86 A. 1007, 46 L.R.A. (N.S.) 611, . . ." Slimak v. Foster, supra, 106 Conn. 370.
The undisputed material facts of this case do not require expert medical testimony to show a lack of care or skill, and do not require the plaintiff to provide expert medical testimony to demonstrate that the defendants breached their duty of care.
"[T]he doctrine of res ipsa loquitur . . . allows the jury to infer negligence based on the circumstances of the incident even though no direct evidence of negligence has been introduced."Giles v. New Haven, 228 Conn. 441, 446, 636 A.2d 1335 (1994). "This rule of common sense . . . is but a specific application of the general principle that negligence can be proved by circumstantial evidence." Id., 446. "The doctrine of res ipsa loquitur applies when three conditions are satisfied: (1) the situation, condition, or apparatus causing the injury must be CT Page 6235 such that in the ordinary course of events no injury would result unless from a careless construction, inspection, or user; (2) both inspection and user must have been at the time of the injury in the control of the party charged with neglect; (3) the injurious occurrence or condition must have happened irrespective of any voluntary action at the time by the party injured." Id. "Whether the doctrine applies in a given case is a question of law for the court." Id., 447.
In this case the injury — the laparotomy sponge being left in the plaintiff's abdomen — does not ordinarily occur during surgery unless it is performed with a lack of care or skill. Undisputed facts in this case establish that the defendants were in control of the surgery performed on the plaintiff that caused the injury. It is beyond dispute that the injury suffered by the plaintiff during the surgery must have happened irrespective of any voluntary action at the time by the plaintiff. Because all three conditions needed to apply the doctrine of res ipsa loquitur are satisfied, the doctrine applies in this case. See Giles v. New Haven, supra, 228 Conn. 447.
"'There is . . . no doubt, that where the facts are undisputed or clearly preponderant, that the question of negligence is one of law.'" Dibble v. New York, N. H. H.R.Co., 100 Conn. 130, 141, quoting Southern Pacific Co. v. Pool,160 U.S. 438, 440, 16 Sup. Ct. 338. The defendants have not provided the court with any documents raising an issue as to any material fact or disputing the facts in the documents provided by the plaintiff; therefore, "the court is entitled to rely upon the facts stated in the affidavit of the [plaintiff]." Kakadelis v.DeFabritis, 191 Conn. 276, 280-81.
In this case there is no genuine issue as to any material fact; the facts are undisputed; therefore, the question of the defendants negligence is one of law. Under the facts of this case the court can only conclude and does conclude that the defendants were negligent in their treatment of the plaintiff.
Accordingly, the motion for summary judgment is granted.
Fracasse, J. CT Page 6236