[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff commenced this action by Complaint dated July 13, 2000, and later revised against Vaheem Latifi, Costco Wholesale Corporation and the Waterbury Young Men's Christian Association Industrial Softball League. By motion dated May 17, 2002, the defendant Waterbury Young Men's Christian Association has requested summary judgment as to Count 5 of said complaint.
 I Facts
The plaintiff alleges that on or about July 15, 1998, at approximately 8:00 p. m., he was participating in a softball game at Huntingdon Field, 7 East Aurora Street in Waterbury, Connecticut. At all times relevant hereto, according to the Complaint, Faheen Abdul-Lateef (incorrectly referred to in the Complaint as "Vaheem Latifi") was participating in the same softball game. The plaintiff claims that Mr. Abdul-Lateef was playing softball for a team in the defendant's YMCA Industrial Softball League under the sponsorship of Costco Wholesale Corporation. The plaintiff was playing softball for a different team in the same league. The plaintiff claims that as the catcher, he caught a ball and was turning to tag Mr. Abdul-Lateef, who was running from third base to home plate, while Mr. Abdul-Lateef, with intent and malice, ran into the plaintiff, rendering him unconscious and causing him to sustain serious bodily injury.
The plaintiff claims that the defendant's league breached its duty to him by: (a) failing to select, employ and train its umpires to properly protect and prevent vicious attacks upon players in the YMCA Industrial Softball League; (b) failing to immediately remove Mr. Abdul-Lateef from the game when it was evident from his statements and actions immediately preceding the intentional, willful and malicious attack on the plaintiff that Mr. Abdul-Lateef was a danger to other players; and (c) failing to CT Page 16551 render proper first aid and assistance to the plaintiff.
 II STANDARD FOR GRANTING MOTION FOR SUMMARY JUDGMENT
The function of the Court in summary judgment proceedings is not to decide issues of material fact, but rather to determine whether such issues exist. Telesco v. Telesco, 187 Conn. 715, 718, 447 A.2d 752
(1982); Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). The moving party has the burden of proving the nonexistence of any material fact. D.H.R. Construction Co., Inc. v. Donnelly, 180 Conn. 430, 434,429 A.2d 908 (1980). A material fact is simply a fact which will make a difference in the result of the case. Cummings and Lockwood v. Gray,26 Conn. App. 293, 297, 600 A.2d 1040 (Conn.App. 1991). The evidence is viewed in the light most favorable to the party opposing the motion. Barrett v. Danbury Hospital, 232 Conn. 242, 250, 654 A.2d 748 (1995); Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105-106, 639 A.2d 507
(1994); State v. Goggin, 208 Conn. 606, 616, 546 A.2d 250 (1988). To satisfy this burden, the movant must make a showing that it is quite clear what the truth is and that excludes any real doubt as to the existence of any genuine issues of material fact. Fogarty v. Rashaw,193 Conn. 442, 445, 476 A.2d 582 (1984).
In reaching its decision, the Court is mindful of and guided by the public policy considerations set forth in Jaworski v. Kiernan, 241 Conn. 399
(1997).
The defendant Waterbury Young Men's Christian Association's assertion that Mr. Nicholas Capobianco, the umpire, was an independent contractor and not an employee is a matter of dispute. The plaintiff has provided some, albeit minimal, evidence that the defendant, Waterbury Young Men's Christian Association, exercised control over the performance of the umpires in their league, i.e., testimony by the defendant Faheem Abdul-Lateef that he was informed by an umpire at his next game that he was ejected from the league at the behest of the defendant Waterbury Young Men's Christian Association. The existence of this dispute and the applicability of the doctrine of respondeat superior, however, is not dispositive of the issue before this Court.
The most favorable, yet fair and reasonable reading of the plaintiff's first allegation of negligence against this defendant, does assert independent claims of negligence on the part of the defendant Waterbury Young Men's Christian Association (a) failing to select, employ and train its umpires to properly protect and prevent vicious attacks upon the CT Page 16552 players in the YMCA Industrial Softball League (emphasis supplied). The second and third allegations (b) failing to immediately remove Mr. Abdul-Lateef from the game when it was evident from his statements and actions immediately proceeding the intentional, willful and malicious attack on the plaintiff that Mr. Abdul-Lateef was a danger to the other players; and (c) failing to render proper first aid and assistance to the plaintiff can impose liability on the defendant Waterbury Young Men's Christian Association only if negligence was found on the part of the umpire, Nicholas Capobianco.
"A breach of duty by the defendant and a causal connection between the defendant's breach of duty and the resulting harm to the plaintiff are essential elements of a cause of action in negligence." Catz v. Rubenstein, 201 Conn. 39, 44, 513 A.2d 98 (1986); see RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153 (1994) ("essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury").
"The existence of a duty is a question of law and [o]nly if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand. Petriello v. Kalman, 215 Conn. 377, 382-83, 576 A.2d 474 (1990). If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant." (Internal quotation marks omitted.) RK Constructors, Inc. v. Fusco Corp., supra, 231 Conn. 384-85.
If the determination of the standard of care requires knowledge that is beyond the experience of an ordinary fact finder, expert testimony will be required. Jaffe v. State Dept. of Health, 135 Conn. 339, 349,64 A.2d 330 (1949); Sickmund v. Connecticut Co., 122 Conn. 375, 379,189 A. 876 (1937); Slimak v. Foster, 106 Conn. 366, 368, 138 A. 153
(1927); Matyas v. Minck, 37 Conn. App. 321, 326, 655 A.2d 1155 (1995).
The plaintiffs' claims in the present case are akin to allegations of professional negligence or malpractice, which we have previously defined as "the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services." (Internal quotation marks omitted.) Davis v. Margolis,215 Conn. 408, 415, 576 A.2d 489 (1990)
In this case, as in Santopietro v. City of New Haven, 239 Conn. 207682 A.2d 106, (1996), the plaintiff does not articulate clearly the CT Page 16553 umpire's duty upon which he bases his claim. More importantly, the plaintiff has provided no evidence of the existence or scope of an umpire's duty. However, even if this Court will, as the Supreme Court did in Santopietro, assume without the citing that an umpire has a duty to exercise reasonable judgment in order to maintain control of a game so as to prevent an unreasonable risk of injury to others, the plaintiff in this case has provided no evidence (either lay or expert, as would seem to be required under Santopietro) of a breach of that duty. If the umpire cannot be found to be negligent, then the defendant Waterbury Young Men's Christian Association cannot be held liable regardless of the status of the relationship between the defendant Waterbury Young Men's Christian Association and the umpire.
Similarly, the plaintiff has provided no evidence of any independent duty of the defendant Waterbury Young Men's Christian Association or a breach of that duty in its "selection, employ or training."
 III CONCLUSION
The allegations of negligence in the plaintiff's complaint Count 5 are "mere allegations." No evidence, no matter how favorably viewed, is before the Court from which I can find the scope and/or breach of any duty owed by Mr. Capobianco or the Waterbury Young Men's Christian Association.
Consequently, the defendant Waterbury Young Men's Christian Association is entitled to judgment as a matter of law.
___________________, J. DUBAY CT Page 16554