GEORGE N. BARNETT *vs.* EMILY J. ROBERTS.

Suffolk.    October 17, 1922. — December 2, 1922.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Practice, Civil,* Requests and rulings, Exceptions.    *Negligence,* Of hairdresser,
*Res ipsa loquitur. Hairdresser. Evidence,* Presumptions and burden of proof.

An exception will not be sustained to the refusal of a request for a ruling of law
which is predicated upon a finding of fact which was not made and was not
required by the evidence.

At the trial of an action of tort against a woman, a hairdresser, for damage alleged
to have resulted from negligence in treating the plaintiff's hair and scalp, there
was evidence tending to show that the plaintiff, while being treated, felt a burn-
ing sensation, which the defendant told him "would go away;" that on previous
treatments there had been no ill effects; that on the day following the treatment
the defendant said she must have used an application which was "too strong;"
that thereafter to several persons she stated "that plumbers had been there
[meaning at her house], and had left some potash on the place where she did her
work, and she" thought "she made a mistake and put her hands in the potash
and applied it to" the plaintiff's "head"; and that, when the plaintiff made a
claim for compensation, she promised to pay for the injury and gave him $30 on
account. The judge found that the defendant applied to the plaintiff's head a
substance which was harmful, and that she "did not know it was dangerous and
harmful;" and found for the plaintiff. *Held,* that

(1) It is not always necessary to prove the exact means by which an injury
has been caused;

(2) The defendant was bound to exercise the ordinary skill and ability of
persons engaged in her business practising in the same city;

(3) The result of the defendant's treatment was sufficient to justify a finding
that the injury would not have happened without fault on the part of some one;

(4) The evidence warranted a finding for the plaintiff.

CONTRACT OR TORT with a declaration in three counts, the first
in contract and the second and third in tort, for personal injury
and expense alleged to have resulted to the plaintiff from negli-
gence of the defendant, a hairdresser, in treating his hair and
scalp. Writ in the Municipal Court of the City of Boston dated
March 2, 1921.

At the trial in the Municipal Court, the count in contract was
waived and there was evidence that, after the alleged injury to the
plaintiff, the defendant stated to various persons "that plumbers

had been there [meaning at her house], and had left some potash on the place where she did her work, and she" thought "she made a mistake and put her hands in the potash and applied it to" the plaintiff's "head."

Other material evidence is described in the opinion. At the close of the evidence, the defendant asked for the following, among other, rulings:

"1. Upon all the evidence the plaintiff is not entitled to recover."

"4. If the court finds that the defendant followed the usual practice amongst hairdressers practising in similar locations, she is not liable for any injuries caused by the treatment.

"5. The defendant having notified the plaintiff prior to the time that any treatment was given him by her, that she does not practise the treatment of gentlemen's hair, and the defendant having thereafter requested her to treat his hair, assumed the risk of any injury coming to him as a result of such treatment, and is not entitled to recover in the absence of showing that any injuries sustained by him were wilfully inflicted."

"8. If the court finds that the plaintiff was aware of the dangerous nature of the preparation which he requested the defendant to procure and use upon him in her treatment of his hair, and the plaintiff's injuries were due thereto, then the plaintiff is not entitled to recover."

The judge refused the foregoing rulings and found the following facts:

"1. The defendant, on or about October 18, 1920, and for many months prior thereto, was in the hairdressing business, and had been giving the plaintiff treatment for his scalp and hair, and on or about said date his head became swollen and blistered and his hair fell out.

"2. On or about said date the defendant applied some dangerous and harmful substance to the plaintiff's hair and head, which caused said injuries to the same.

"3. That the defendant had no knowledge of the character or composition of said substance which she so used, and did not know that it was dangerous and harmful."

There was a finding for the plaintiff in the sum of $162, and, at the request of the defendant, the judge reported the case to the

Appellate Division, who ordered the report dismissed. The defendant appealed.

*I. H. Fox,* for the defendant.

*F. L. Norton,* for the plaintiff.

JENNEY, J. The judge found that the defendant, who was a hairdresser by trade, had been for many months treating the plaintiff's hair and scalp, and that on or about October 18, 1920, while engaged in rendering such services, she applied "some dangerous and harmful substance" which caused the plaintiff's head to become swollen and blistered and his hair to fall out. The defendant neither knew the character or composition of the substance so used, nor that it was harmful.

The plaintiff, who is suing for the injury so received, alleging that it was caused by the defendant's negligence, had a general finding in his favor for $162, which imports a determination of the subsidiary facts required to support it and not inconsistent with those specifically made; it embraces a finding that the defendant's acts were negligent, and that the plaintiff's conduct did not contribute to his injury. *Adams* v. *Dick,* 226 Mass. 46. *Prentiss* v. *Gloucester,* 236 Mass. 36. *Murphy* v. *Hanright,* 238 Mass. 200, 204.

The defendant's exceptions relate to the refusal of his first, fourth, fifth, and eighth requests for rulings. The fourth request was properly refused. The evidence did not support the finding referred to therein, even if it otherwise contained a correct statement of the law, as to which no intimation is made. The fifth is based upon notification to the plaintiff that the defendant did not treat men's hair and was not required upon the contradictory evidence. Other objections thereto need not be considered. The short answer to the eighth request is, that the judge did not find that the plaintiff was aware of the dangerous nature of the preparation used and his finding is inconsistent with that conclusion.

The remaining request raises the question of the sufficiency of the evidence to warrant a recovery by the plaintiff. It is not always necessary to prove the exact means by which an injury has been caused; in this case it was sufficient if the evidence justified the conclusion that the injury was the result of the defendant's use of some application which she knew or ought to have known was likely to result in harm. The plaintiff while being treated felt a burning

sensation which the defendant said would go away. At previous times there had been no ill effects. The defendant was bound to exercise the ordinary skill and ability of persons engaged in her business practising in Boston. *Small* v. *Howard,* 128 Mass. 131. *Tucker* v. *Stetson,* 233 Mass. 81. Clearly the result of her treatment was sufficient to justify a finding that the injury would not have happened without fault on the part of some one. There was evidence that the defendant said on the day following that she must have used an application which was "too strong;" and that when the plaintiff made a claim for compensation she promised to pay for the injury and gave him $30 on account. These admissions by language and the evidence of fault inferable from the conduct stated were sufficient to support a finding of negligence. *Smith* v. *Palmer,* 6 Cush. 513. *McGenness* v. *Adriatic Mills,* 116 Mass. 177. *Anderson* v. *Duckworth,* 162 Mass. 251. *Zandan* v. *Radner,* 242 Mass. 503. Other grounds of liability need not be considered.

The order dismissing the report should be affirmed.

*So ordered.*