## J. P. DEVINE COMPANY *vs.* MONATIQUOT RUBBER WORKS COMPANY.

Norfolk.   March 11, 1924. — May 21, 1924.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, & CARROLL, JJ.

*Sale. Contract,* Performance and breach. *Evidence,* Competency. *Practice, Civil,* Exceptions.

At the hearing by a judge without a jury of an action of contract by a corporation manufacturing machinery against a corporation manufacturing rubber for the price of certain machinery in connection with dryers, which the plaintiff alleged it had prepared and shipped to the

defendant in accordance with the defendant's order following a fire in its factory, there was evidence tending to show that a representative of the plaintiff visited the defendant's factory, submitted to the defendant's general manager a list of machinery desired by the defendant together with prices, and that the defendant's general manager said, " Go ahead; " that the plaintiff was to ship the parts to the factory; that the defendant was " to pay for the engineer $10 a day, and his expenses; " that three days later the plaintiff sent to the defendant a confirmation of the order in writing, stating the list of merchandise, price to be paid, and that the shipment would be made in four weeks, and asking for information of arrival, stating, " we will send our Engineer to your plant, to install same, for which there will be a charge of $10 per day, plus hotel and traveling expenses; " and that three days later the defendant's general manager acknowledged receipt of this letter.  The goods were shipped within the four weeks and were received by the defendant, who paid the freight.  The defendant's manager contended that the plaintiff agreed to put the dryers in as good condition as they were before the fire, and that they would dry " the rubber perfectly."  The plaintiff's manager testified that there was no such assurance.  The judge found for the plaintiff.  *Held*, that

(1) The evidence warranted the finding;

(2) Testimony by the plaintiff's representative, to the effect that he would not have taken the defendant's order if it had been on condition that the dryers were to be as effective as before the fire, was incompetent; but an exception by the defendant to its admission was overruled, it not appearing that the defendant was harmed.

CONTRACT for the purchase price of certain material ordered by the defendant and prepared and shipped to the defendant by the plaintiff for use in repairing the defendant's vacuum chamber dryers.  Writ dated January 11, 1922.

In the Superior Court, the action was tried before *McLaughlin*, J., without a jury.  Material evidence is described in the opinion.  The judge found for the plaintiff in the sum of $3,951.79.  The defendant alleged exceptions.

*A. N. Hunt*, (*G. P. Drury* with him,) for the defendant.

*T. Parker*, for the plaintiff.

CARROLL, J.  There was evidence from which it could have been found that the defendant purchased from the plaintiff certain machinery and that the machinery was delivered to the defendant.  The plaintiff has not been paid for it.  The judge found for the plaintiff and the case is in this court on the defendant's exceptions.

After the parties had corresponded with reference to certain dryers, a representative of the plaintiff, Joseph P.

Devine, visited the defendant's factory on April 1, 1921. He testified that he submitted a list of parts of dryers to the defendant's general manager, Mr. Stedman, together with the prices, and that Mr. Stedman said " Go ahead; " that the plaintiff was to ship the parts to Braintree; that " They [the defendant company] were to pay for the engineer $10 a day, and his expenses." On April 4, 1921, the plaintiff sent the defendant a written confirmation of the order; it contained a list of the merchandise, and stated the price to be $3,450 and that shipment would be made in four weeks; and asked for information of arrival, saying, " we will send our Engineer to your plant, to install same, for which there will be a charge of $10.00 per day, plus hotel and traveling expenses." On April 7, Mr. Stedman acknowledged receipt of the letter of April 4. The goods were shipped to the defendant April 22, 1921, and were received by the defendant, who paid the freight. The defendant's manager contended that the plaintiff agreed to put the dryers in as good condition as they were before the fire, and that they would dry " the rubber perfectly." The plaintiff's manager testified that there was no such assurance. There was considerable correspondence between the parties bearing on this point. The goods have never been returned.

The finding of the judge must stand if there was any evidence to support it. *Commercial Credit Co.* v. *M. McDonough Co.* 238 Mass. 73, 78. There was evidence to sustain the finding in favor of the plaintiff. If the testimony of Devine, the plaintiff's manager, were believed, the judge would be warranted in finding in the plaintiff's favor; and it could not be ruled that as matter of law the defendant was entitled to a finding. There was no error in refusing the defendant's requests; many of them were disposed of by the general finding for the plaintiff. The requests which were based upon a theory of facts not found to be true by the presiding judge were refused rightly. *Barnett* v. *Roberts,* 243 Mass. 233. The question in the case was whether the merchandise was sold and delivered to the defendant.

The testimony of Devine that he would not have taken the defendant's order, if it were on condition that the

dryers were to be as effective as before the fire, which was admitted against the defendant's exception, was incompetent, but in our opinion the evidence was not harmful to the defendant.

*Exceptions overruled.*