·SMITH *v.* ARTISTE PERMANENT WAVE SHOPPE.

1. NEGLIGENCE—PERMANENT WAVE TREATMENT—CUSTOM OF THE LOCALITY.

If permanent wave treatment given plaintiff was in accord with the degree of skill, care, knowledge, and attention possessed and employed by others in the same line of practice in the community and similar localities and plaintiff suffered serious consequences, then there was no actionable negligence, for, in such case, it could be attributed to hypersensitiveness of plaintiff even to *proper treatment.*

2. SAME—PERMANENT WAVE TREATMENT—GREAT WEIGHT OF EVIDENCE—DAMAGES.

Verdict of $1,500 for plaintiff, a 24-year-old woman, who had bleached her hair with a hydrogen peroxide and ammonia solution for several years, informed beautician of such fact, and latter first advised the hair was unsuitable for permanent wave treatment but at a later date reported hair then suitable for performance of such treatment, upon receiving which plaintiff testified that solution applied to her hair in pads drained down so as to burn her ear and scalp, immediately caused her hair to fall out, and at the point of injury there was discoloration, followed by bleeding and scabs with pus and eczema which she had never had before, *held,* not against the great weight of the evidence nor so excessive as to call for a new trial.

3. SAME—PERMANENT WAVE TREATMENT—ECZEMA—PROXIMATE CAUSE.

In action for negligent injuries incident to permanent wave treatment in which was used a chemical which, when wet with water, caused steam heat to develop in three or four minutes, plaintiff did not have to negative all possible causes of eczema in order for the jury to find the particular cause in this instance where plaintiff was not guilty of contributory negligence.

4. SAME—PERMANENT WAVE TREATMENT—CONTRIBUTORY NEGLIGENCE.

Plaintiff who received a permanent wave treatment at defendant's shop was not guilty of contributory negligence in putting her

fingers in her hair which fell out after the treatment where the harm to the scalp and hair, if any, had preceded that act.

5. APPEAL AND ERROR—CHANGE OF THEORY—SURPRISE.
    In action for injuries received when a permanent wave treatment was administered in defendant's shop, defendant was not entitled to reversal on ground of surprise when plaintiff changed her testimony from claiming burns were due to nature of solution used to burns by drippings from hair pads.

Appealed from Wayne; Martin (William H.), J. Submitted April 16, 1940. (Docket No. 2, Calendar No. 40,925.) Decided June 3, 1940.

Case by Rose M. Smith against Artiste Permanent Wave Shoppe, a Michigan corporation, and others for damages for personal injuries sustained due to negligence in the giving of permanent wave treatment. From verdict and judgment for plaintiff against defendant Artiste Permanent Wave Shoppe, it appeals. Affirmed.

*Frank Schwartz*, for plaintiff.

*Jorgensen & Alexander*, for defendant Artiste Permanent Wave Shoppe.

WIEST, J. April 27, 1937, plaintiff, then 24 years of age, visited defendant's beauty shop in the city of Detroit to obtain a permanent hair wave. For several years she had bleached her hair with hydrogen peroxide and ammonia solution, which fact she disclosed. A test was made and she was advised that her hair was not suitable for a permanent wave and was given a finger wave. May 5, 1937, she returned to defendant's shop for another finger wave and a shampoo and claims she was then advised, after a test, that her hair was suitable for a permanent wave and in performing the operation for a permanent

wave her ear and scalp were burned and immediately her hair fell out and, at the point of injury, eczema developed and was still present at the time of the trial in March, 1939.  She brought this action to recover damages occasioned by the alleged improper and negligent treatment and consequences and, upon trial by jury, had verdict and judgment for $1,500. The trial court denied defendant's motions for a directed verdict, for judgment notwithstanding the verdict, and for a new trial.

Upon appeal defendant alleges errors in such denials and contends that no actionable negligence was shown; the verdict was against the great weight of the evidence, based upon unwarranted conjecture, and excessive in amount.

If the treatment given was in accord with the degree of skill, care, knowledge, and attention possessed and employed by others in the same line of practice in Detroit and similar localities, then there was no actionable negligence, even though plaintiff suffered serious consequences, for, in such case, it could be attributed to hypersensitiveness of plaintiff even to proper treatment.

In *Barnett* v. *Roberts*, 243 Mass. 233 (137 N. E. 353), the action was against a hairdresser for alleged negligence in treatment and, upon the question of the sufficiency of the evidence to warrant a recovery, the court stated:

"It is not always necessary to prove the exact means by which an injury has been caused; in this case it was sufficient if the evidence justified the conclusion that the injury was the result of the defendant's use of some application which she knew or ought to have known was likely to result in harm. The plaintiff while being treated felt a burning sensation which the defendant said would go away.  At previous times there had been no ill effects.  The de-

fendant was bound to exercise the ordinary skill and ability of persons engaged in her business practicing in Boston. *Small* v. *Howard*, 128 Mass. 131 (35 Am. Rep. 363.) *Tucker* v. *Stetson*, 233 Mass. 81 (123 N. E. 239). Clearly the result of her treatment was sufficient to justify a finding that the injury would not have happened without fault on the part of some one.''

*Lesick* v. *Proctor*, 300 Pa. 347 (150 Atl. 618), was also an action to recover damages for injuries sustained in receiving a permanent wave. In answer to the contention that there was no evidence of negligence to submit to the jury it was said:

''The evidence tended to prove that during this operation Mrs. Lesick's scalp was seriously burned. * * * 'When the operation that causes the injury is shown to be under the management of the owner and the accident is such as in the ordinary course of things does not happen if those who have it in charge use proper care, it requires but slight evidence of defective operation to fasten responsibility on the defendant.' * * * Where the burden of proof is slight it may be supplied by affirmative proof that the accident would not have happened had the thing been reasonably cared for. * * * It is not that negligence is presumed in such cases but that the circumstances amount to evidence from which it may be inferred by the jury. * * * Not the mere fact of the accident, but the circumstances under which it occurred, may give rise to a presumption of negligence. The circumstances here were sufficient to send the case to a jury and hence, it is unnecessary to decide whether the doctrine of *res ipsa loquitur* is applicable.''

Plaintiff's testimony that a solution being applied to her hair in pads drained down upon and burned her ear and back thereof and, after the wrapping on

her hair was removed, she looked at her hair and saw the ends "looked sort of frizzed up and lighter," and she ran her hand through her hair, opened her fingers and hair came away; that discoloration, followed by bleeding and scabs with pus and eczema, which she had never had before, presented a case of negligent treatment for consideration by the jury.

The managing and overseeing cosmetologist of defendant's beauty shop testified that if the treatment was given as claimed by plaintiff she would consider it very careless.

The pads contained some chemical which, when wet with water, caused steam heat to develop in three or four minutes.

It is contended by defendant that eczema can be caused by many things and the jury had to speculate in holding it was caused, in this instance, by act of defendant.

Plaintiff did not have to negative all possible causes of eczema in order for the jury to find the particular cause in this instance. Plaintiff was not guilty of contributory negligence in putting her fingers in her hair following the treatment, for the harm to the scalp and hair, if any, preceded that act.

The claim that plaintiff's changing her testimony from charging the burns to the nature of the solution used to that of burns by drippings from the pads took defendant by surprise does not call for reversal.

We cannot affirmatively find the verdict against the great weight of the evidence nor the damages awarded so excessive as to call for a new trial.

We find no reversible error. Judgment is affirmed, with costs to plaintiff.

Bushnell, C. J., and Sharpe, Potter, Chandler, North, McAllister, and Butzel, JJ., concurred.