No. 2890 Northern Suffolk, ss.

WOODELL (Leonard Poretsky)
v. MISTRETTA (William Hadgi)

From the District Court of Chelsea—Sartorelli, J.

Argued May 12, 1941—Opinion Filed July 8, 1941

SULLIVAN, J. (Pettingell, A,P,J., & Wilson, J.)—Action of contract or tort in which hte plaintiff seeks to recover for personal injuries alleged to have been received by her while the defendant was giving her hair a permanent wave. The report states that the plaintiff's declaration contains two counts for the same cause of action; it does not give any further particulars regarding them.

There was a finding for the plaintiff. The error alleged is the denial of seven rulings requested by the defendant. At the oral argument the defendant waived all claim of error resulting from the denial of the 5th requested ruling.

Of the remaining requested rulings, the denial of which is the basis of the defendant's present claim of error, three, the first, second and third, are based "on all the evidence," and contain no specifications. These requests do not comply with Rule 27 of the District Court Rules (1940 Ed.) and were properly denied. *Garrett* v. *McDonough Co.* 297 Mass. 58. *Forbes* v. *Gordon & Gerber, Inc.* 298 Mass. 91.

The sixth and seventh requested rulings have to do with the burden of proof, the sixth stating that the finding must be for the defendant because the plaintiff has not sustained that burden, and the seventh, that the plaintiff has failed to show a breach of contract. Where the burden of proof rests upon

oral evidence it can seldom be ruled as matter of law that it has or has not been sustained. It is usually a pure matter of fact. *Crowley* v. *Freeman,* 291 Mass. 105. *Commonwealth Investment Co.* v. *Fellsway Motor Mart, Inc.* 294 Mass. 306. Where, however, it raises a question of law, the denial of such a request is not error, if the evidence warrants a finding that the burden has been sustained. *Sherman* v. *Sidman,* 300 Mass. 102, at 105.

There was evidence upon which the trial judge could warrantably find that the plaintiff was given a permanent wave at the defendant's place of business; that after giving her a test curl, the defendant subjected the plaintiff's entire hair to a permanent wave; that while the plaintiff was under the permanent wave machine, the defendant went out of the room and remained away a considerable time that the plaintiff's hair was burned, her scalp injured by the heat, and a rash caused to appear on her face.

There was testimony contradicting most of the plaintiff's testimony. The only effect of such contradictory evidence was to raise a question of credibility, to be decided as fact by the trial judge. *McDonald* v. *Adamian,* 294 Mass. 187, at 191. *Dolham* v. *Peterson,* 297 Mass. 479. If he believed that the defendant, after putting the plaintiff under the permanent wave machine and turning on the heat, went out of the room and left her with the heat on and that the plaintiff received the injuries described by her, he was warranted in finding that the defendant's conduct was negligent. "Clearly the result of her treatment was sufficient to justify a finding that the injury would not have happened without fault upon the part of some one." *Barrett* v. *Roberts,* 243 Mass. 233. The defendant was under a duty to supervise the process to prevent injury to the plaintiff. *Gavin* v. *Kluge,* 275 Mass. 372. The trial judge could have found that the plaintiff's injuries were caused by a "Too prolonged application of heat" and that "there would have been no . . . improper application of heat if the defendant had exercised the degree of skill and care which it engaged itself to exercise when it invited the public to patronize its place of business." *Dragan* v. *Artiste Permanent Wave Co.* Mass. Adv. Sh. (1941) 35

We are of opinion that there was no prejudicial error in the denial of the defendant's sixth and seventh requested rulings.

There remains for consideration the defendant's eighth requested ruling, which is premised upon a warning to the plaintiff of the danger of the treatment to be given her by the defendant, followed by an insistence upon the part of the plaintiff for the treatment. There is no evidence in the report of such facts, either of a warning or of an insistence on the part of the plaintiff to proceed after a warning. If for no other reason, there was no error in the denial of the ruling requested because it was based upon facts which the trial judge was not

compelled, as matter of law, to find. *Shay* v. *Gagne,* 275 Mass. 386. *Simpson* v. *Eastern Mass. St. Ry. Co.* 292 Mass. 562.

As no prejudicial error is apparent, the report is to be dismissed.