*Southern District*

**FLORENCE R. BAPTISTA**

v.

**LILLIAN SENNA**

*Present*: Nash, P. J., Cox & Murphy, JJ.
Case tried to *Driscoll, J.* in the Third District
Court of Bristol. No. 4545 of 1961.

*Cox, J.* The plaintiff claims damages in this action of tort for injury to her scalp alleged to have been caused by the negligence of the defendant, a beauty parlor operator, in connection with a permanent wave of the plaintiff's hair. There was a finding for the plaintiff.

The defendant claims to be aggrieved by the denial of four of her five requests for rulings of law and by the admission and exclusion of evidence.

The defendant had been the operator of a beauty parlor for a number of years. The plaintiff had been her customer for a long period of time. The defendant had previously done permanent waves for the plaintiff satisfactorily and without any ill effects. On February 23, 1961, the plaintiff had a permanent wave done by the defendant. The same permanent wave solution was used as on previous occasions. The defendant testified that the plaintiff's scalp was normal. The plaintiff made no complaint of any scalp condition to the defendant.

The defendant gave the plaintiff a light shampoo, towel dried and rolled her hair, and then applied the permanent wave solution to the hair.

The plaintiff testified that the solution was "slopped on", got on her scalp, and that she complained about it to the defendant who immediately wiped it up. The defendant testified that she did not apply the solution to the plaintiff's scalp but of necessity some solution reached the scalp and that this is

a common condition and happens in every case of a permanent wave. The defendant further testified that because of the coarseness of the plaintiff's hair, the solution was left on for only five minutes. It was then removed, the hair dried with a towel, and the neutralizer put on. According to the defendant the hair was then rinsed and set with a permanent wave lotion consisting of a very mild solution.

The plaintiff testified that she had no ill effects immediately following the permanent wave and there was evidence by another customer that the plaintiff made no complaint of scalp irritation or burning sensation up to the time the plaintiff left the room to go under the dryer.

The plaintiff said that it was not until that night when she "tossed and turned" and awoke with a sensation in her scalp.

The plaintiff consulted a doctor in New Bedford, an allergist, who diagnosed the plaintiff's condition as contact dermatitis which, in his opinion, was caused by the application of permanent wave solution to the scalp. The doctor also expressed the opinion that the plaintiff was allergic to the solution applied.

The doctor admitted on cross-examination that he made no chemical analysis of the solution and did not know its trade name. The plaintiff had not previously been his patient and he had no knowledge of the prior condition of the plaintiff's scalp.

Over the defendant's objection the doctor

was allowed to answer affirmatively the following question: "Based upon the history of permanent wave solution applied to the hair, in your opinion was there a connection between such application and the condition you found?" The defendant claimed a report.

The other customer, to whom reference has been made, was asked what ill effects she experienced from her permanent wave done by the defendant at the same time as that of the plaintiff. The question was excluded. The defendant objected to its exclusion and offered to prove that she experienced no ill effects. The court again excluded the question and the defendant claimed a report.

The judge allowed the defendant's request number 1, that

"the plaintiff must prove by a fair preponderance of the credible evidence that the defendant was guilty of negligence either by way of omission or commission".

The judge denied the defendant's four other requests. Number 2 was to the effcet that

a finding was warranted that others who had had permanent waves on the same day as the plaintiff had no ill effects.

Number 3 was that

if others had the identical work done without ill effects an inference could be drawn that the plaintiff's wave was done in a good workmanlike manner.

Number 4 was substantially that

the plaintiff had failed to show her injury was related to any act of omission or commission on the defendant's part.

Number 5 was that

on all the evidence and law there should be a finding for the defendant.

In our opinion there was no error in the rulings of the trial judge.

■ The conclusion was warranted that the plaintiff's injury resulted from the negligent use of a solution by the defendant which she knew, or should have known, was likely to and in fact did cause injury to the plaintiff's scalp. *Barnett v. Roberts*, 243 Mass. 233, 235, 236; *Gavin v. Kluge*, 275 Mass. 372.

■ The fact that the plaintiff and others had had similar waves from the defendant on prior occasions and on the same day does not relieve the defendant of liability to the plaintiff for defendant's negligence on this occasion. *Gavin v. Kluge*, 275 Mass. 372. Accordingly, requests numbered 2 and 3 were rightly denied.

■ There was no error in the denial of number 4. The conclusion was warranted that the plaintiff's injury resulted from the negligent use by the defendant of the solution and that there was a causal connection between the negligent application of the solution and the plaintiff's injury. The plaintiff was not required to exclude all other possibilities as to the cause of her injury. *Barnett v. Roberts,*

243 Mass. 233; *Gavin v. Kluge,* 275 Mass. 372.

■ Request number 5 could not have been given as there was evidence to support the finding for the plaintiff.

■ It was also rightly denied as lacking in specification of the grounds upon which it was based as required by Rule 27 of the District Courts (1952).

We see no error in admitting the medical opinion. It was an expert opinion of a causal connection between the permanent wave and the injury to the plaintiff's scalp. The opinion was neither confusing nor equivocal. See *Somer's Case,* 344 Mass. 581; *Hachadourian' Case,* 340 Mass. 81, 85.

Although no request for a ruling was made by the defendant directly touching upon the plaintiff's burden of proving that the lotion used would harmfully affect a normal person, we nevertheless consider it. It is true that the presumption or permissible inference that the plaintiff was normal disappeared because of the doctor's opinion that she was allergic to the lotion, and if nothing more appeared, the plaintiff would have failed to sustain the burden which rested upon her. *Jacquot v. Wm. Filene's Sons Co.,* 337 Mass. 312, 316. However, there was testimony more favorable to the plaintiff than her doctor's opinion, which opinion the trial judge was not required to accept but could disregard. Such more favorable evidence was that at times prior to February 23, 1961 the defendant had

performed permanent waves for the plaintiff without harmful results and that the defendant inspected the plaintiff's scalp before the work was done and found that it was normal. That evidence formed the basis for a permissible finding that the plaintiff was normal. *Jacquot v. Wm. Filene's Sons Co.,* 337 Mass. 312, 316, 317, and cases cited at page 317. It should also be noted that the plaintiff was having a permanent wave and not a scalp treatment of any kind.

There being no reversible error, an order should be entered dismissing the report.

Samuel L. Lipman, of New Bedford, for the Plaintiff.

Bronspiegel & Zeman, of New Bedford, for the Defendant.