KOBMANN *v.* ROSS.

1. Evidence—Self-Serving Statement—Written Report of Doctor —Effect of Permanent Wave Solution.

Written report of doctor who had been hired by defendant to examine plaintiff, seeking damages for injuries allegedly resulting from defendant's negligence in application of a permanent wave solution to her hair so that it ran onto her scalp, neck, ears, eyes, and face, and by which report plaintiff sought to show what she had told the doctor about her previous and present physical condition and what he had found *held,* properly excluded as self-serving.

2. Negligence—Permanent Wave Solution—Hypersensitivity.

Trial judge's reference during trial and in his instructions to the jury relative to plaintiff wife's hypersensitivity, it having been an affirmative defense that reaction of her skin to defendant's permanent wave solution was due to such hypersensitivity *held,* not error in her action for alleged negligent injuries wherein she had testified that she had suffered from hay fever since infancy and there was testimony that defendant's treatment of plaintiff was in accord with standard practice in the community.

3. Appeal and Error—Questions Reviewable—Hypothetical Questions.

Reversible error was not committed merely for the reason that defendant's counsel objected to hypothetical question being put

---

References for Points in Headnotes

[1] 20 Am Jur, Evidence § 910.
[2] 10 Am Jur 2d, Barbers and Cosmetologists §§ 18, 21–23.
Liability of barber, beauty shop, or specialist, barber college or school of beauty culture, for injury to patron. 14 ALR2d 860.
[3] 20 Am Jur, Evidence § 788.
[4] 53 Am Jur, Trials §§ 341–354.
[5] 27 Am Jur, Husband and Wife § 506.
Act or omission which would not support an action for damages by person injured as ground of action by parent or spouse for consequential damages. 94 ALR 1211.

to a doctor on the witness stand because it contained a fact not yet in evidence, where it does not appear that the trial court ever did sustain defendant's objection.

4. TRIAL—MOTIONS FOR DIRECTED VERDICT—WAIVER OF JURY TRIAL.
   Trial court's letting case for negligent injuries go to jury after each side had moved for directed verdict without reservations was not error, since pertinent rule permits introduction of testimony where such a motion was not granted and fact that parties had so moved did not effect a waiver of trial by jury where motions were not granted (GCR 1963, 515.1).

5. APPEAL AND ERROR—QUESTIONS REVIEWABLE—IMMUNITY FROM SERVICE OF PROCESS—DERIVATIVE ACTION.
   Whether or not defendant was immune from process when served with process in plaintiff husband's derivative suit as he was leaving courthouse immediately following verdict of no cause for action in wife's action for personal injuries alleged to be due to defendant's negligence in application of a permanent wave solution is not considered, where she has failed to maintain her action, as his action fell with hers.

Appeal from Wayne; Piggins (Edward S.), J. Submitted November 3, 1964. (Calendar Nos. 46, 47, Docket Nos. 50,350, 50,351.) Decided March 1, 1965. Rehearing denied May 10, 1965.

Declaration by Dorothy M. Kobmann against Alvin Ross, doing business as Alvin's Beauty Salon, for alleged injuries arising out of the negligent use of chemicals. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

Complaint by Edward H. Kobmann against Alvin T. Ross for the damages incurred by him for his wife's alleged injuries. Case dismissed. Plaintiff appeals. Affirmed.

*George L. Ginger* (*U. S. A. Heggblom,* of counsel), for plaintiffs.

*Johnson & Campbell* (*Reginald S. Johnson,* of counsel), for defendant.

Dethmers, J. Plaintiff sued for injuries allegedly resulting from defendant's negligence in application of a permanent wave solution to her hair so that it ran onto her scalp, neck, ears, eyes and face. A jury returned a verdict of no cause for action. Immediately following the verdict her husband sued for medical expenses, et cetera, incurred in connection with his wife's injury and obtained service on defendant as he was leaving the courthouse to return to his residence in Florida. On defendant's motion this action was dismissed. Both plaintiffs appealed and the appeals are combined for presentation here.

Plaintiff wife had submitted to physical examination by a doctor hired by defendant for that purpose. He made a written report to defendant's representative. Plaintiff sought to have it introduced into evidence to show what she had told the doctor about her previous and present physical condition and what he had found. It was excluded. We think it should have been, as self-serving, within the meaning of *O'Dea* v. *Michigan Central R. Co.,* 142 Mich 265. See, also, *Jones* v. *Village of Portland,* 88 Mich 598 (16 LRA 437), in which the doctor was employed by plaintiff's husband to examine her for the purpose of prescribing for her and preparing as witness in the suit.

Plaintiff assigns error on the trial judge's making reference, during trial and in his instructions to the jury, to her hypersensitivity, it having been an affirmative defense that the reaction of her skin to the permanent wave solution was due to such hypersensitivity. Plaintiff says this was erroneous because defendant offered no medical proof of plaintiff having such malady. She had testified herself, however, that she had suffered from hay fever since infancy. There also was testimony that defendant's treatment of plaintiff was in accord with standard

practice in the community. In *Smith* v. *Artiste Permanent Wave Shoppe,* 293 Mich 441, this Court said:

"If the treatment given was in accord with the degree of skill, care, knowledge, and attention possessed and employed by others in the same line of practice in Detroit and similar localities, then there was no actionable negligence, even though plaintiff suffered serious consequences, for, in such case, it could be attributed to hypersensitiveness of plaintiff even to proper treatment."

In that case no testimony was noted of the previous existence of such condition, as contrasted with plaintiff's own testimony here. No error occurred in this connection.

Plaintiff's counsel started propounding a hypothetical question to a doctor on the witness stand. Counsel for defense objected on the ground that it contained a stated fact not yet in evidence. Colloquy between court and counsel ensued. The court said:

"I think he can propose a hypothesis that may not be in evidence but may be in evidence later."

It does not appear that the court ever sustained defendant's objection to the question. No basis, therefore, appears for plaintiff's urging error in this connection.

Both parties moved for directed verdict, without reservations. The court did not grant the motions but permitted the case to go to the jury. This, plaintiff says, constituted error. At time of trial, March 21, 1963, GCR 1963, 515.1 was in effect. It provided:

"Motion for Directed Verdict. A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having

reserved the right to do so and to the same extent as if the motion had not been made. A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for directed verdict shall state specific grounds therefor."

No error occurred in this connection.

Plaintiff husband complains of error in dismissal of his action, assuming that it was ordered on the grounds advanced in defendant's motion, namely, defendant's immunity from service of process. This we need not consider. His action was derivative and dependent on the right of the plaintiff wife to prevail in her suit. Her action having fallen, his fell with it. *Bias* v. *Ausbury*, 369 Mich 378.

Affirmed. Costs to defendant.

KAVANAGH, C. J., and KELLY, BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.