## JOHN V. TURNER, JR. *v.* CHARLOTTE CROMAN
### (AC 17884)

O'Connell, C. J., and Sullivan and Stoughton, Js.

Argued December 17, 1998—officially released March 30, 1999

*Douglas J. Monaghan,* for the appellant (plaintiff).

*Alan D. Spargo,* with whom, on the brief, was *Charlotte Croman,* pro se, for the appellee (defendant).

*Opinion*

STOUGHTON, J. The plaintiff, John V. Turner, Jr., appeals from the summary judgment, rendered by the

trial court, in favor of the defendant, Charlotte Croman. The plaintiff claims that the trial court improperly (1) emphasized his failure to file opposing affidavits because the defendant's affidavit failed to address the fundamental allegation of the substitute amended complaint and (2) considered the affidavit of the defendant's expert. We affirm the judgment.

The plaintiff brought the underlying action to recover damages for legal malpractice by the defendant. The defendant denied that she was negligent, pleaded special defenses and filed a counterclaim. After the pleadings were closed, the defendant moved for summary judgment on the complaint and filed supporting affidavits. The plaintiff filed a memorandum in opposition but no affidavits or other evidence to support his position. The trial court granted the defendant's motion for summary judgment and this appeal followed.

We note that while the defendant's counterclaim may still be pending, this appeal is properly before us because the summary judgment rendered on the substitute amended complaint disposed of all causes of action in that complaint and is, therefore, a final judgment, pursuant to Practice Book § 61-3.[1]

I

The plaintiff's initial claim is that the trial court improperly emphasized his failure to file opposing affidavits because the defendant's affidavit and supporting documentation failed to address the plaintiff's claim that the defendant had failed to provide proper advice in

---

[1] Practice Book § 61-3 provides in relevant part: "A judgment disposing of only a part of a complaint, counterclaim, or cross complaint is a final judgment if that judgment disposes of all causes of action in that complaint, counterclaim, or cross complaint brought by or against a particular party or parties.

"Such a judgment shall be a final judgment regardless of whether judgment was rendered . . . by summary judgment pursuant to Section 17-44, or otherwise. . . ."

connection with the plaintiff's child support obligations. We disagree.

The standard of review for a trial court's decision to grant summary judgment is well established. "Summary judgment 'shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " *Home Ins. Co.* v. *Aetna Life & Casualty Co.*, 235 Conn. 185, 202, 663 A.2d 1001 (1995). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Id. If the nonmovant does not recite specific facts, in accordance with Practice Book §§ 17-45 and 17-46, formerly §§ 380 and 381, that contradict those stated in the movant's affidavits and documents and show there is a genuine issue for trial, summary judgment shall be rendered against him. *Hryniewicz* v. *Wilson*, 51 Conn. App. 440, 444, 722 A.2d 288 (1999).

In this case, the plaintiff failed to file any affidavits or exhibits either to support his claims or to refute the defendant's evidence. The defendant, however, submitted an affidavit from a practicing attorney stating his opinion that the defendant had exercised the degree of care, skill and diligence exercised by prudent practicing attorneys in her locality. He also stated that the plaintiff was not able to show any damages. The trial court concluded that the documents filed by the defendant sufficiently established that there was no genuine issue

of material fact and that she was entitled to judgment as a matter of law. Because the defendant's assertions that she had used proper care and that the plaintiff had sustained no damages were not controverted, the trial court properly granted the defendant's motion for summary judgment.

## II

The plaintiff also claims that the trial court improperly considered the affidavit of the defendant's expert. This claim is without merit.

"[T]he trial court has wide discretion in ruling on the admissibility of expert testimony and, unless that discretion has been abused or the ruling involves a clear misconception of the law, the trial court's decision will not be disturbed. . . . Expert testimony should be admitted when: (1) the witness has a special skill or knowledge directly applicable to a matter in issue, (2) that skill or knowledge is not common to the average person, and (3) the testimony would be helpful to the court or jury in considering the issues." (Citations omitted; internal quotation marks omitted.) *State* v. *Correa*, 241 Conn. 322, 353–54, 696 A.2d 944 (1997).

In the present case, the trial court referred to the defendant's affidavits, one of which opined that there was no failure to exercise proper care, skill and diligence on the part of the defendant. The trial court characterized this affidavit as that of an expert. The affidavit was made by an attorney whose practice includes family law and who has practiced in Connecticut for forty years. The affiant attorney rendered his opinion after reviewing all of the pleadings and a deposition of the plaintiff. On the basis of his review, the affiant attorney opined that the defendant neither violated the minimum standard of care in her representation of the plaintiff nor failed to exercise that degree of skill and learning commonly applied under all the circumstances

in the community by the average prudent member of the legal profession. We agree with the conclusion of the trial court that the attorney affiant qualified as an expert witness.

The judgment is affirmed.

In this opinion the other judges concurred.