# CHASE MANHATTAN BANK *v.* CDC FINANCIAL CORPORATION ET AL.
## (AC 18031)

Foti, Spear and Hennessy, Js.

Argued February 16—officially released September 7, 1999

*Stuart D. Rosen,* with whom was *Ann M. Siczewicz,* for the appellant (plaintiff).

*Jonathan J. Kane,* with whom, on the brief, was *Howard L. Siegel,* for the appellees (defendant Urban Revitalization, Inc., et al.).

SPEAR, J. The plaintiff, Chase Manhattan Bank, appeals from the summary judgment rendered in favor of the defendant guarantors on the basis of their statute of limitations defense.[1] The plaintiff claims that the summary judgment was improper (1) because an interest payment made on January 3, 1991, restarted the running of the six year statute of limitations period as to the guarantors of the note and, alternatively, (2) because of the existence of a material fact in dispute, namely, whether the payment was made on behalf of the guarantors. We affirm the judgment of the trial court.

On November 25, 1996, the plaintiff commenced this action against the maker of the note, CDC Financial Corporation (CDC), and the eight guarantors of the note. The note provided that the law of New York would govern this transaction. The plaintiff alleged that CDC had executed the demand note on November 2, 1988, and that CDC had made its last payment of interest on January 3, 1991. All of the guarantors filed special defenses in which they claimed that the action was barred by the statute of limitations[2] because it was not commenced within six years of the making of the note.

The plaintiff moved for summary judgment claiming that there was no dispute that CDC executed the note or that the guarantors executed the guarantees, and that the amount due under the note had not been paid.

[1] The defendant guarantors are Arthur Greenblatt, Steven L. Erie, Community Development Corporation, CDC Management Corporation, CDC Funding Corporation, CDC Investment Corporation, CDC Equity Corporation and Urban Revitalization, Inc.

[2] In their special defenses, the guarantors pleaded General Statutes § 52-576. Section 52-576 (a) provides in relevant part: "No action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues . . . ." The parties agree that the law of New York applies to this action and that the relevant statute of limitations under New York law is six years. N.Y. C.P.L.R. § 213 (McKinney 1990).

The guarantors also filed a motion for summary judgment claiming that the action was barred by the six year statute of limitations. The trial court rendered summary judgment in favor of the guarantors, and this appeal followed.

Certain additional undisputed facts are necessary to our resolution of this claim. Prior to the filing of the complaint, the plaintiff and CDC entered into several agreements that extended the note and set out new terms governing CDC's payment of the loan. The third extension agreement was entered into on October 12, 1990. This agreement required CDC to execute a new demand note, to make an immediate $25,000 payment on the current principal and to pay the remainder of the principal by October 26, 1990. CDC made a $25,000 payment of principal on or about October 20, 1990, but failed to pay the principal balance on October 26, 1990. CDC thereafter made an interest payment of $9854.86, dated December 30, 1990, which was received by the plaintiff on January 3, 1991.

The parties agree that under New York law, the six year statute of limitations for an action on a demand note commences on the date of execution of the note. *Phoenix Acquisition Corp.* v. *Campcore, Inc.*, 81 N.Y.2d 138, 143, 612 N.E.2d 1219, 596 N.Y.S.2d 752 (1993). They agree that this rule applies to guarantors who have waived presentment of the note, as is the case here. *Bank of New York* v. *Bersani*, 90 App. Div. 302, 304, 457 N.Y.S.2d 142 (1982). Under New York law, acknowledgment of a debt restarts the limitations period, but only as to the party that made the acknowledgment. See *In re Rochester Trust & Safe Deposit Co.*, 58 N.Y.S.2d 833, 840 (N.Y. App. Div. 1945); *Clute* v. *Clute*, 197 N.Y. 439, 449, 90 N.E. 988 (1910). Acknowledgment of the debt by the borrower does not extend the statute of limitation period as to the guarantors "absent some clear indication that [the borrower] was acting as the

agent of the guarantors." *Park Associates* v. *Crescent Park Associates, Inc.*, 159 App. Div. 2d 460, 461, 552 N.Y.S.2d 314 (1990). The parties agree that the intent of the guarantors to extend their liability under the note by authorizing an interest payment is a question of fact.

"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Home Ins. Co.* v. *Aetna Life & Casualty Co.*, 235 Conn. 185, 202, 663 A.2d 1001 (1995). Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . Mere assertions of fact . . . are insufficient to establish the existence of a material fact . . . . If the nonmovant does not recite specific facts, in accordance with Practice Book §§ 17-45 and 17-46, formerly §§ 380 and 381, that contradict those stated in the movant's affidavits and documents and show there is a genuine issue for trial, summary judgment shall be rendered against him." (Citation omitted; internal quotation marks omitted.) *Turner* v. *Croman*, 52 Conn. App. 445, 447, 726 A.2d 1168 (1999).

Here, the plaintiff failed to present evidence to prove a dispute as to the existence of a material fact. Although the plaintiff alleged that the guarantors had authorized the January 3, 1991 payment, the guarantors, in support of their motion for summary judgment, presented affidavits contradicting that allegation. As the trial court noted, the plaintiff failed to present any evidence to contradict the guarantors' affidavits. The trial court was, therefore, justified in concluding that the lack of

authorization of the interest payment by the guarantors was not in dispute.[3]

Having properly concluded that there was no evidence that the guarantors intended to extend their liability by authorizing the January 3, 1991 interest payment, those facts were not in dispute. The last authorized payment that was made pursuant to the third extension agreement was on or about October 20, 1990. The parties agree that the six year statute of limitations period applies and, therefore, the plaintiff had until October 19, 1996, to file its complaint. The plaintiff untimely commenced its action on November 25, 1996, clearly outside of the six year limitations period. Therefore, the trial court properly concluded that the plaintiff's complaint was barred by the statute of limitations and rendered judgment for the guarantors.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[3] The trial court was entitled to assume the truth of the guarantors' declarations concerning the lack of any intention to be bound by the maker's interest payment. The inference that may ordinarily be drawn from the failure of a party to file an opposing affidavit is warranted here because the parties that filed affidavits were not the only ones with knowledge of the particular facts involved. Absent clear indication of intent on the part of the guarantors, the interest payment by the borrower will not toll the running of the statute of limitations as to the guarantors. *Park Associates* v. *Crescent Park Associates, Inc.*, supra, 159 App. Div. 2d 461. This is not the case where the only evidence available to the plaintiff was within the personal knowledge of the defendants. See *Nolan* v. *Borkowski*, 206 Conn. 495, 504, 538 A.2d 1031 (1988).