MICHELE GILBERT *v.* MIDDLESEX HOSPITAL ET AL.
(AC 19172)

Mihalakos, Pellegrino and Daly, Js.

---

Submitted on briefs April 5—officially released July 11, 2000

*Ikechukwu Umeugo* filed a brief for the appellant (plaintiff).

*Donna R. Zito* filed a brief for the appellees (defendants).

*Opinion*

DALY, J. The plaintiff, Michele Gilbert, appeals from the judgment rendered by the trial court following a jury verdict in favor of the defendants, Robert A. Yordan and Middlesex Obstetrical and Gynecological Associ-

ates, P.C. (Middlesex Obstetrical). The plaintiff claims that the court improperly (1) failed to instruct the jury on the doctrine of res ipsa loquitur, (2) denied her motion for summary judgment and (3) instructed the jury on the use of common sense. The plaintiff also claims that the evidence does not support the jury's verdict. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the resolution of this appeal. The plaintiff filed a seven count complaint dated April 1, 1996, against Middlesex Hospital and Middlesex Obstetrical, and against Robert A. Yordan, Kenneth L. Eckhart, Deborah A. Mueller and Donald E. Miller, as associates and physician employees of Middlesex Obstetrical. The plaintiff claimed that on August 1, 1995, Yordan performed a procedure known as an episiotomy on the plaintiff and delivered the plaintiff's daughter. The plaintiff alleged that Yordan left a sponge in her vagina after the delivery of her baby and that this sponge was not removed until August 16, 1995. The complaint alleged negligence against all defendants and res ipsa loquitur against Middlesex Hospital, Yordan and Middlesex Obstetrical. The plaintiff filed a motion for summary judgment dated July 11, 1996.

The plaintiff filed a revised complaint, dated August 5, 1997, containing five counts alleging negligence on the part of the aforesaid defendants. In the revised complaint, there were no allegations of res ipsa loquitur. On November 24, 1998, the plaintiff withdrew the complaint against the named defendant Middlesex Hospital. On December 10, 1998, the court denied the plaintiff's motion for summary judgment. On December 15, 1998, the plaintiff withdrew the complaint against Miller, Eckhart and Mueller. The case proceeded to trial against the remaining defendants, Yordan and Middlesex Obstetrical. The jury returned a verdict in favor of Yordan and Middlesex Obstetrical. The plaintiff then filed the present appeal.

I

The plaintiff first claims that the court improperly failed to instruct the jury on the doctrine of res ipsa loquitur. "Whether the doctrine of res ipsa loquitur applies in a particular case is a question of law over which our review is plenary. *Giles* v. *New Haven*, 228 Conn. 441, 447, 636 A.2d 1335 (1994)." *Barretta* v. *Otis Elevator Co.*, 242 Conn. 169, 171, 698 A.2d 810 (1997).

We initially note that the plaintiff has failed to comply with Practice Book § 67-4 (d) (1)[1] in that she has failed to provide us with a copy of a request to charge on res ipsa loquitur or an exception to the charge given by the court. We conclude, however, that a charge on res ipsa loquitur was not warranted based on the pleadings and evidence admitted at trial.

"A complaint must fairly put the defendant on notice of the claims of negligence against him. . . . The purpose of the complaint is to limit the issues to be decided at the trial of a case and is calculated to prevent surprise. . . . Only those issues raised by the plaintiffs in the latest complaint can be tried before the jury." (Citations omitted.) *Farrell* v. *St. Vincent's Hospital*, 203 Conn. 554, 557–58, 525 A.2d 954 (1987). As stated previously, the plaintiff's revised complaint dated August 5, 1997, omitted any allegations concerning the doctrine of res ipsa loquitur.

At trial, the plaintiff introduced direct evidence through the testimony of Ralph Epstein, a physician, concerning Yordan's alleged acts of negligence. "[A] res

[1] Practice Book § 67-4 (d) (1) provides: "When error is claimed in the trial court's refusal to charge the jury as requested, the party claiming such error shall include in the brief of that party or the appendix thereto a verbatim statement of the relevant portions of the charge as requested and as given by the court and any relevant exceptions to the charge as given and shall recite in narrative form any evidence which it is claimed would entitle that party to the charge as requested, with appropriate references to the page or pages of the transcript."

ipsa loquitur instruction is not appropriate where the plaintiff is not relying solely on circumstantial evidence, but instead alleges and introduces into evidence specific acts of negligence by the defendant." *Pineau* v. *Home Depot, Inc.*, 45 Conn. App. 248, 258, 695 A.2d 14 (1997), appeal dismissed, 245 Conn. 422, 713 A.2d 825 (1998). "The doctrine of res ipsa loquitur, literally the thing speaks for itself, permits a jury to infer negligence when no direct evidence of negligence has been introduced." (Internal quotation marks omitted.) *Barretta* v. *Otis Elevator Co.*, supra, 242 Conn. 173.

Because the amended complaint contained no allegations concerning res ipsa loquitur, and because the plaintiff offered direct evidence of the defendants' negligence at trial, an instruction on res ipsa loquitur was not warranted.

## II

The plaintiff next claims that the court improperly denied her motion for summary judgment. We note, however, that "absent exceptional circumstances, a denial of a motion for summary judgment is not appealable where a full trial on the merits produces a verdict against the moving party." (Internal quotation marks omitted.) *Gurliacci* v. *Mayer*, 218 Conn. 531, 541 n.7, 590 A.2d 914 (1991). From a review of the record, we conclude that this case does not represent an exceptional circumstance that would justify reviewing on appeal a denial of a motion for summary judgment.

## III

The plaintiff next claims that the court improperly instructed the jury on the use of common sense. The plaintiff has failed to comply with Practice Book § 67-4 (d) (2)[2] in that she has not provided us with a copy of

---

[2] Practice Book § 67-4 (d) (2) provides in relevant part: "When error is claimed in the charge to the jury, the brief or appendix shall include a verbatim statement of all relevant portions of the charge and all relevant exceptions to the charge. . . . Evidence relevant to the claimed error shall

the relevant portions of the charge and any exceptions taken to the charge. Because the plaintiff has failed to satisfy her burden of providing an adequate record for review, we decline to review this claim.[3]

## IV

The plaintiff's final claim is that the evidence does not reasonably support the jury's verdict.[4] We disagree.

"[I]t is not the function of this court to sit as the seventh juror when we review the sufficiency of the evidence . . . rather, we must determine, *in the light most favorable to sustaining the verdict*, whether the totality of the evidence, including reasonable inferences therefrom, supports the jury's verdict . . . . *Purzycki*

---

be recited in narrative form with appropriate references to the page or pages of the transcript."

[3] Even if we were to review this claim, the plaintiff would not prevail. During closing argument, the plaintiff's counsel stated: "Although the judge is going to emphasize and point out that your focus will be on the testimony and evidence in this case, but remember you are not confined precisely to the testimony and evidence in this case. You may make reasonable . . . inferences from the testimony and evidence based upon your common sense and reason. You possess that and you can do that. Nobody can stop you from doing so."

During the court's charge, the court stated that it "[had] to correct some of the impressions left during argument" and instructed the jury, "You may not use your common sense to decide whether or not there was negligence." The court further stated: "I told you earlier you don't leave your common sense at the door and you're going to hear how your common sense can be used in terms of evaluating the testimony, but in medical negligence cases, a finding of liability and negligence must be based on expert testimony. You can use your common sense in evaluating the testimony of the expert but you cannot substitute your common sense for the necessary expert testimony. . . . So despite plaintiff counsel's argument that you can find that based on common sense, you cannot. You need medical testimony that you find credible and that you accept by a fair preponderance of the evidence."

The court's charge was a correct statement of the law. See *Barrett* v. *Danbury Hospital*, 232 Conn. 242, 252, 654 A.2d 748 (1995); *Shegog* v. *Zabrecky*, 36 Conn. App. 737, 745–46, 654 A.2d 771, cert. denied, 232 Conn. 922, 656 A.2d 670 (1995).

[4] The plaintiff did not file a motion to set aside the verdict.

v. *Fairfield*, 244 Conn. 101, 112–13, 708 A.2d 937 (1998). In making this determination, [t]he evidence must be given the most favorable construction in support of the verdict of which it is reasonably capable." (Emphasis in original; internal quotation marks omitted.) *Gaudio* v. *Griffin Health Services Corp.*, 249 Conn. 523, 534, 733 A.2d 197 (1999).

Although the plaintiff presented the testimony of Epstein, a medical expert, in support of her claim of negligence, the defendants presented two medical expert witnesses, Mary Jane Minkin and Benson J. Horowitz, to counter the plaintiff's claim. Minkin and Horowitz each testified that reasonably prudent physicians can perform careful examinations following a vaginal delivery and repair of an episiotomy and nevertheless fail to detect a piece of gauze used in the surgical procedure. The trier may rely more heavily on the testimony of one expert rather than the testimony of another. 2 B. Holden & J. Daly, Connecticut Evidence (2d Ed. 1988) § 118c, p. 1146.

The judgment is affirmed.

In this opinion the other judges concurred.

