[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Mary McGuire filed an amended single count complaint on March 17, 2000, alleging medical malpractice arising out of surgery performed by the defendant Stanley Lavieties in repairing the plaintiff's dropped bladder. The amended complaint alleges that the defendant failed to remove permanent suture materials, left in the plaintiff after surgery, causing pain and other physical injuries.
Also on March 17, 2000, the plaintiff filed a motion for summary judgment on the ground of res ipsa loquitur. The plaintiff argues that the negligence of the defendant is apparent without the aid of expert testimony. The plaintiff filed her own affidavit and memorandum of law in support of the motion. The defendant filed an objection to the motion for summary judgment on June 6, 2000, arguing that no expert testimony on the CT Page 11093 required standard of care in the field is in evidence at this time.
Summary judgment provides a method to resolve litigation when all of the evidence presented shows both that there is no question of material fact and that the moving party is entitled to judgment as a matter of law. See Miles v. Foley, 253 Conn. 381, 385, ___ A.2d ___ (2000). The moving party must demonstrate that the evidence, viewed in the light most favorable to the non-moving party, shows that the trier of fact can reach no other conclusion but that espoused by the moving party. See Morasciniv. Commissioner of Public Safety, 236 Conn. 781, 809, 236 A.2d 1340
(1996).
The party moving for summary judgment must support its motion with affidavits or other supporting documentation. See Heyman Associates No. 1v. Ins. Co. of Pennsylvania, 231 Conn. 756, 796, 653 A.2d 122 (1995). A party opposing summary judgment must show that there is a question of material fact by presenting evidence of disputed issues. See ChaseManhattan Bank v. CDC Financial Co., 54 Conn. App. 705, 708, 736 A.2d 938, cert. denied, 251 Conn. 912, 739 A.2d 1247 (1999). Generally, "[i]ssues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Fogerty v. Rashaw,193 Conn. 442, 446, 476 A.2d 582 (1984).
The plaintiff argues in her memorandum in support of her summary judgment motion that the doctrine of res ipsa loquitur applies to this case. Conversely, the defendant claims that res ipsa loquitur is not a rule of law, and therefore cannot be a basis for granting summary judgment for the plaintiff. In the alternative, the defendant argues that res ipsa loquitur does not apply in this situation because the plaintiff, by not presenting expert testimony, has not shown the elements of a medical malpractice action.
"The doctrine of res ipsa loquitur, literally the thing speaks for itself, permits a jury to infer negligence when no direct evidence of negligence has been introduced." Gilbert v. Middlesex Hospital,58 Conn. App. 731, 735, ___ A.2d ___ (2000). "The doctrine of res ipsa loquitur applies only when two prerequisites are satisfied. First, the situation, condition or apparatus causing the injury must be such that in the ordinary course of events no injury would have occurred unless someone had been negligent. Second, at the time of the injury, both inspection and operation must have been in the control of the party charged with neglect." Godwin v. Danbury Eye Physicians and Surgeons,254 Conn. 131, 140, ___ A.2d ___ (2000).
Res ipsa loquitur does not apply when the plaintiff alleges specific acts of negligence. See Gilbert v. Middlesex Hospital, supra, CT Page 1109458 Conn. App. 735. In the present case, the plaintiff did specifically allege that he defendant was negligent by leaving permanent sutures in her abdomen after surgery. The doctrine of res ipsa loquitur does not apply in the present case. Instead, the case should be analyzed under a standard medical malpractice theory.
Generally, to prevail in a medical malpractice claim, the plaintiff must prove that the defendant breached the standard of care. See General Statutes § 52-184c (a). The standard of care for a health care provider "shall be that level of care, skill and treatment, which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar health care providers." General Statutes § 52-184c (a).
The plaintiff must provide expert testimony that the defendant was negligent unless "there is manifest such gross want of care or skill as to afford, of itself, an almost conclusive inference of negligence that the testimony of an expert is not necessary." Bourquin v. Melsungen,40 Conn. App. 302, 314, 670 A.2d 70 (1996). Most cases where the court did not require expert testimony involve such obvious deviations from the duty of care that ordinary negligence standards could be used. See Allenv. Giuliano, 144 Conn. 573, 135 A.2d 904 (1957); Slimak v. Foster,106 Conn. 366, 370, 138 A. 153 (1927), and cases cited therein. But seeLevett v. Etkind, 158 Conn. 567, 265 A.2d 70 (1969) (expert testimony required to determine whether defendant should have supervised patient while disrobing).
In the present case, the plaintiff failed to provide any evidence from experts on the standard of care in Connecticut. The sole evidence presented by the plaintiff is her affidavit stating that sutures were left in her abdomen after surgery. The plaintiffs named expert witnesses, while listed in defense interrogatories, have not provided affidavits or any other information on the nature of the expert testimony. Without any evidence of whether leaving sutures in the patient after surgery violates the standard of care in Connecticut, there is a question of material fact in this case. Therefore, the plaintiff's motion for summary judgment is denied.
Howard F. Zoarski