[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant has filed a motion to strike the second count of the plaintiff's complaint. The defendant alleges that the second count alleges a cause of action apparently sounding in res ipsa loquitur. The defendant moves to strike that count because res ipsa loquitur is not a cause of action separate from negligence.
The second count reads, after incorporating paragraphs 1 through 4 of count one, paragraph 5, at all times mentioned herein, the use, control and inspection of said premises, and in particular the wood/lumber area of the building supply store, was exclusive to the defendant corporation, its servants, agents and/or employees.
Said occurrence was due to no voluntary act on the part of the plaintiff. The defendant knew or had it exercised due care for proper diligence should have known of the aforesaid conditions.
The doctrine of res ipsa loquitur allows a plaintiff to sustain its CT Page 8769 burden of proof on a claim of negligence without offering direct evidence about the cause of the injury producing event. Giles v. City of NewHaven, 228 Conn. 441, 446 (1994).
To invoke res ipsa loquitur, the plaintiff must prove the following:
(1) The situation, condition or apparatus causing the injury must be such that in the ordinary course of events no injury would result from a careless construction, inspection or user. (2) Both inspection and user must have been, at the time of the injury, in the control of the party charged with neglect. (3) The injurious occurrence or condition must have happened irrespective of any voluntary action at the time by the party injured. Schugarst v. Schumann, 156 Conn. 471, 479 (1968).
Several Superior Court cases as cited in the defendant's brief indicate that res ipsa loquitur is not a separate cause of action from negligence. Therefore, various Superior Courts have stricken a res ipsa loquitur claim where the plaintiffs have separately alleged it as a cause of action. The courts have indicated that res ipsa loquitur is not a cause of action and cannot be, therefore, brought in a separate count.
In their memorandum in opposition to the motion to strike, the plaintiffs quote the case of Gilbert v. Misslesex Hospital,58 Conn. App. 731, 734-35 (2000). In that case, the Appellate Court affirmed the trial court's refusal to instruct the jury on the claim in part because the plaintiff failed to allege in her complaint that doctrine. The court does not find that the case of Gilbert v. Middlesex Hospital
compelling because it merely stands for the proposition that the pleadings must put the defendant on notice that res ipsa may be relied upon at trial. It does not hold that it may be pleaded as a separate cause of action. Accordingly, this court will go along with the other Superior Court judges who have granted motions to strike this separate count for res ipsa loquitur.
 ___________________ D. MICHAEL HURLEY JUDGE TRIAL REFEREE