[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON CROSS MOTIONS FOR SUMMARY JUDGMENT
FACTS:
On February 7, 1984, the defendants, Joel B. Levine (hereinafter "JBL") and Arlene Levine aka Arlene Greneman-Cheikien (hereinafter "AGC") became indebted to Connecticut National Bank, a predecessor of the Plaintiff, in the original principal amount of $20,000.00 by virtue of a Promissory Note executed on that date. The Note indicates that the Note is payable on demand but also assumes maturity of one year. It also calls for quarterly payments of interest. On February 13, 1985 the said Defendants executed a Promissory Note to Connecticut National Bank, a predecessor of the Plaintiff, in the original principal amount of $5,000.00 pursuant to a Promissory Note executed in favor of the Plaintiff's predecessor on February 13, 1985. The latter Note has essentially the same provisions as to maturity as the first Note with the exception of the payments being made on a monthly basis instead of on a quarterly basis. Fleet National Bank, the Plaintiff, is the successor to Connecticut National Bank. The Plaintiff claims in its motion for summary judgment dated November 21, 2001 that the Defendants have failed to make the payments when due on both Notes, and the Notes are, therefore, in default. The Defendant AGC has filed special defenses that the action is time-barred under the applicable statute of limitations and that the Plaintiff is guilty of laches. Said Defendant has also claimed her divorce judgment of April CT Page 981 17, 1991 provides for her husband, Joel B. Levine, to be responsible for the loan or loans with Connecticut National Bank and to hold the Defendant AGC harmless from any obligation on said debts.
The Defendant, AGC, has also filed a motion for summary judgment against the Plaintiff the major point of which is that any action against her is time-barred under the applicable statute of limitations.
Both parties submitted briefs in support of their respective motions for summary judgment and in opposition, to the other party's motion for summary judgment.
Defendant AGC, (hereinafter the "Defendant"), moved for summary judgment on November 7, 2001 with a supporting affidavit, and the said Defendant filed a supplemental memorandum dated November 30, 2001 with an affidavit dated November 30, 2001 in support of her motion for summary judgment.
STANDARD OF REVIEW:
"A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Burns v. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257
(1984); Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11,459 A.2d 115 (1983).
A party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact. Dougherty v. Graham,161 Conn. 248, 250, 287 A.2d 382 (1971). "To satisfy (this) burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Internal quotation marks omitted.) Plouffe v. New York,N.H. H.R. Co., 160 Conn. 482, 488, 280 A.2d 359 (1971); and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact . . .Suarez v. Dickmont Plastics Corp., 229, Conn. 99, 105 (1994). Also, seeMiles v. Foley 253 Conn. 381 386 (2000). "The test that has been stated is: In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the non moving party . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Cummings Lockwoodv. Gray, 26 Conn. App. 293, 296-97, 600 A.2d 1040 (1991)."
ISSUES:
CT Page 982
The Court concludes that the defense of laches has no merit in view of the fact that each of said Notes carries the provision: "[w]e can delay enforcing any of our rights without losing them."
Further, the defense that the husband took responsibility for payment of the debt as part of the divorce judgment has no merit in view of the fact that the Plaintiff was never a party to such agreement or judgment.
This leaves the remaining issue which is the major concern in this case of whether the statute of limitations has barred the Plaintiff's cause of action.
This Court gave an opportunity to the Plaintiff to submit a further affidavit after investigation to determine whether the payments received on the Notes were from the husband or the wife. The Court suggested that this should be easy to find if the account on which the checks were drawn was in the same bank, Connecticut National Bank, that received the payments. However, Plaintiff's attorney declined this offer saying that the decision was strictly an issue of law. Both parties in their briefs and in oral argument before this Court took the position that there is no genuine issue of material fact and that such party is entitled to judgment as a matter of law.
Accordingly, this Court will address the issue of the statute of limitations. The Defendant has cited CGS section 52-576 as the applicable period for the statute of limitation being six years after the right of action accrues. This was a 1959 act revised through public act 82-160. Plaintiff has claimed that the applicable statute of limitations is CGS section 42a-3-118 which was amended as to this issue by public act 91-304 which is subsequent to the latest adoption of amendments to section 52-576. The Defendant has also accepted that section 42a-3-118 is the applicable statute.
Said statute, subsection (b) provides as follows:
"(b) Except as provided in subsection (d) or (e), if demand for payment is made to the maker of a note payable on demand, an action to enforce the obligation of a party-. to pay the note must be commenced within six years after the demand. If no demand for payment is made to the maker, an action to enforce the note is barred if neither principal nor interest on the note has been payed for a continuous period of ten years."
At the hearing in this case comments were made that this statute could have been worded better. The Court has reviewed the legislative history of that statute, including subsection (b), and finds that the legislative CT Page 983 history is silent on this subsection.
There is no question that the demand by the Plaintiff upon this Defendant was made on March 8, 2000 and that this action was commenced by a complaint dated April 28, 2000.[1]
The affidavit of the Defendant AGC states in pertinent part: "2. From at least January, 1990, and for a considerable time prior thereto, I did not make any payment, or authorize or consent to any payment, to Connecticut National Bank or any of its successors, including Fleet Bank, on account of either Note alleged in the Plaintiff's complaint." This clearly shows that no demand for payment was made to the Defendant AGC nor any payment made by her between January of 1990 and March 8, 2000. More than ten years has elapsed from January, 1990 to March 8, 2000 with no payment of principal or interest by said Defendant, AGC. There is no evidence that a demand was made upon her for payment between those dates. Accordingly, any action to enforce the Note against said Defendant is barred by the aforementioned statute.
However, the Plaintiff claims that a payment was made on August 11, 1994 which the Plaintiff claims tolled the statute of limitations as to this Defendant.
The question, then, becomes whether or not this Defendant is responsible for that payment. Her affidavit says "no". There is no evidence propounded by the Plaintiff, either by evidence or affidavit, that the payment was made by her and no affidavit from the other Defendant that the Defendant AGC made that payment. Since Plaintiff's attorney did not accept the Court's offer to investigate further as to who made the payment as described above, the only evidence before the Court is that, as to this payment, the Defendant AGC by affidavit did not make this payment. Therefore, the statute did not toll as to her because of this payment.
Plaintiff claims the following language in the Note means that Defendant AGC, the co-maker, is bound by the following language which is just above the signature of the co-makers: "Anyone who signs this agreement as a coborrower will be responsible to the same extent as the borrower." This Court interprets that sentence by its plain meaning, namely, that she is responsible for the debt on the Notes but that is not a waiver of the statute of limitations. The liability on the Note is a substantive issue whereas the applicability of the statute of limitations is a procedural issue. If the Note stated that the co-borrowers waived the statute of limitations or the payments will be considered the payment of both co-borrowers, which the Plaintiff, who prepared the Note and, therefore, said Note should be interpreted in the light most unfavorable CT Page 984 to the preparer of the Note, had an opportunity to put that language in the Note and failed to do so.
The rules of statutory construction could be applied here one of which is "Expresso unius est exclusion alterius" which, in English, means: "The expression of one thing implies the exclusion of another thing." This means that a waiver of the statute of limitations or payment by one co-borrower is the same as payment by both co-borrowers was excluded from the language of the Notes.
During the hearing the said Defendant cited the case of Appuzzo v.Hoer, 125 Conn. 196, 202-3 (1939). In that case the Plaintiff sued for groceries sold that went to the support of the Defendant and her husband and for the support of her family. The Court held that ". . . payment by her husband without the Defendant's knowledge or consent would be ineffective to toll the statute as against her". It was not a case involving co-borrowers on a Note, but it was a joint obligation in which the payment by the husband did not toll the statute of limitations as to the wife. Appuzzo v. Hoer is still good law in the State of Connecticut and received favorable comment in subsequent cases; i.e., Ozyck v.D'Atri 206 Conn. 473, (1988)[2]. Also, see Chase Manhattan Bank, v. CDCFinancial Corporation 54 Conn. App. 705 (1999), a decision of this Court which was upheld by the Appellate Court. In that case a payment by the Corporation on a Note was made on January 3, 1991 and, therefore, the statute of limitations was not tolled as to the Corporation. However, there was no evidence that the guarantors intended to extend their liability by authorizing the January 3, 1991 interest payment. ". . . The last authorized payment made pursuant to the third extension agreement was on or about October 20, 1990." The Plaintiff had until October 1996 to file its complaint, but instead . . . "commenced its action on November 25, 1996 clearly outside of the six year limitations period. Therefore, the trial court properly concluded that the Plaintiff's complaint was barred by the statute of limitations and rendered judgment for the guarantors." In other words, even though this Court found that the Corporation could not take advantage of the tolling of the statute of limitations because it made an interest payment on January 3, 1991, and the action was brought within six years of that, such payment did not toll the statute of limitations as to the guarantors who did not authorize such payment.
For all the above reasons the payment of August 11, 1994, did not toll the statute of limitations in regard to the Defendant AGC. From January 1990 to March 8, 2000 is more than ten years within which there was no payment or interest by the said Defendant. Therefore, summary judgment is entered on behalf of the said Defendant as to her motion for summary judgment, and the motion for summary judgment of the Plaintiff is CT Page 985 denied.
Rittenband, JTR