[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT'S MOTION TO STRIKE APRIL 24, 2002
The defendant, Waterbury Hospital, moves to strike Count Two of the plaintiff's complaint which alleges Res Ispa Loquitur, for the reason that it does not state a valid cause of action. The plaintiff opposes this motion stating that under the holding of Gilbert v. Middlesexx Hospital,58 Conn. App. 731, 734, 755 A.2d 903 (2000), such a claim must be specifically pled. In Gilbert, the Appellate Court found that a charge on res ipsa was not warranted because there were no "allegations" concerning res ipsa and direct evidence of negligence was offered at trial.
The doctrine of res ipsa loquitur "is a rule of circumstantial evidence that is designed to allow the inference of negligence and is not an independent cause of action." Gilliam v. Thomas, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 324686 (November 20, 1997, Melville, J.), 21 Conn.L.Rptr. 55. "Res ipsa is not a cause of action separate from negligence; it is instead one of the ways to establish negligence." Block v. Kostecki, Superior Court, judicial district of Waterbury, Docket No. 141096 (May 11, 1998, Vertefeuille, J.) (22 Conn.L.Rptr. 71). Gilbert v. Middlesex Hospital, supra, stands for the proposition that the defendant should be put on notice that res ipsa may be relied upon during the trial; not that it is a separate cause of action which must be specifically pleaded. Gagnon v. Home Depot U.S.A.,Inc., No. 122287, Superior Court of New London at Norwich (Jun. 29, 2001, Hurley, J.). See also: Day v. Manzone, No. CV98-0152547S, Superior Court Judicial District of Waterbury (May 9, 2001, Rogers, J.).
Because Res Ipsa Loquitur is not a valid cause of action, the defendant's Motion to Strike Count Two is granted.
 By The Court, Wolven, Judge
CT Page 3486