## JUNE GIFFORD *v.* CITY OF MERIDEN

Superior Court, Judicial District of New Haven at Meriden
File No. CV-03-0284196S

Memorandum filed October 28, 2004

*Jacobs, Jacobs & Shannon,* for the plaintiff.

*Howd & Ludorf,* and *corporation counsel of the city of Meriden,* for the defendant.

WIESE, J. On July 1, 2004, the plaintiff, June Gifford, filed a four count amended complaint against the defendant, the city of Meriden.[1] Through a motion filed September 21, 2004, the defendant has moved this court to strike count three of the amended complaint. Specifically, the defendant contends that count three fails to state a cause of action because the doctrine of res ipsa loquitur is an evidentiary principle that cannot be maintained as an independent cause of action.

On September 27, 2004, the plaintiff filed a memorandum of law in opposition to the defendant's motion. The court heard argument on the motion and opposition on October 25, 2004.

I

DISCUSSION

"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) *Fort Trumbull Conservancy, LLC* v. *Alves,* 262 Conn. 480, 498, 815 A.2d 1188 (2003); see Practice Book § 10-39. "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.) *Gazo* v. *Stamford,* 255 Conn. 245,

---

[1] In count one, the plaintiff alleges public nuisance, in count two, negligence, in count three, negligence and res ipsa loquitur, and in count four, a federal civil rights claim pursuant to 42 U.S.C. § 1983.

260, 765 A.2d 505 (2001). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) *Faulkner* v. *United Technologies Corp.*, 240 Conn. 576, 580, 693 A.2d 293 (1997). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Citation omitted; internal quotation marks omitted.) *Fort Trumbull Conservancy, LLC* v. *Alves*, supra, 498.

Briefly stated, the plaintiff alleges that the defendant was responsible for the maintenance and care of the storm sewer drainage system within the city of Meriden. The plaintiff maintains that she owns real property located at 228 Old Stage Coach Road, where she resides, and that there is a storm drain located in close proximity to her property. She alleges that the drain was in a defective and dangerous condition that resulted in flooding to her property and actionable damages. In count two, the plaintiff alleges that the damages were proximately caused by the negligence of the defendant city in that it "allowed that defective culvert to come about and exist . . . failed to remedy the defect in the design and/or construction . . . failed to inspect . . . [and] properly maintain that culvert."

In count three, entitled "Res Ipsa Loquitur," the plaintiff incorporates all of the allegations of negligence from count two of the amended complaint and further alleges that "the overflow of the culvert is an occurrence that ordinarily would not have happened in the absence of negligence of those in control of it" and that "the defendant's negligence was more probably than not the cause of the damage to the plaintiff's property."

"[T]he doctrine of res ipsa loquitur is a rule of common sense and not a rule of law which dispenses with proof of negligence. It is a convenient formula for saying that a plaintiff may, in some cases, sustain the burden of proving that the defendant was more probably negligent than not, by showing how the accident occurred, without offering any evidence to show why it occurred." (Internal quotation marks omitted.) *Malvicini* v. *Stratfield Motor Hotel, Inc.*, 206 Conn. 439, 442, 538 A.2d 690 (1988). "The doctrine of res ipsa loquitur, literally the thing speaks for itself, permits a jury to infer negligence when no direct evidence of negligence has been introduced." (Internal quotation marks omitted.) *Gilbert* v. *Middlesex Hospital*, 58 Conn. App. 731, 735, 755 A.2d 903 (2000).

In the amended complaint, the plaintiff has separately pleaded counts both in negligence and res ipsa loquitur. Res ipsa loquitur is not a separate cause of action that must be specifically pleaded. Rather, it is an evidentiary principle that permits the fact finder to infer negligence on the part of the defendant. See generally *Ferrigno* v. *Leblang*, Superior Court, judicial district of New Haven, Docket No. CV-01-0455031S (June 28, 2004) (*Arnold, J.*); *Ferrigno* v. *Leblang*, Superior Court, judicial district of New Haven, Docket No. CV-01-0455031S (May 25, 2004) (*Devlin, J.*); *Smith* v. *Waterbury Hospital*, Superior Court, judicial district of Waterbury, Docket No. CV-01-0168363S (March 7, 2003) (34 Conn. L. Rptr. 262) (*Wolven, J.*); *Gagnon* v. *Home Depot U.S.A., Inc.*, Superior Court, judicial district of New London at Norwich, Docket No. CV-122287 (June 29, 2001) (*Hon. D. Michael Hurley*, judge trial referee); *Wasko* v. *Manella*, Superior Court, judicial district of Fairfield, Docket No. CV-93-0308152 (October 13, 2000) (*Skolnick, J.*); *Block* v. *Kostecki*, Superior Court, judicial district of Waterbury, Docket No. CV-97-0141096 (May 11, 1998) (*Vertefeuille,*

*J.*). Therefore, the res ipsa loquitur count is legally insufficient and ordered stricken.

## II

## CONCLUSION

The defendant's motion to strike count three of the amended complaint is granted.